## GRAVES *v.* SANTWAY.

*(Supreme Court, General Term, Fourth Department. April, 1889.)*

1. MALPRACTICE—DUTIES OF PHYSICIANS.
     In an action for malpractice against a surgeon, plaintiff sought to recover on account of the negligence and want of skill of defendant in performing an operation on her. The court instructed the jury to inquire if defendant had used reasonable knowledge and care as a surgeon in learning the condition of plaintiff; in ascertaining if the operation was necessary; in determining whether the time and place were proper; in making a diagnosis of the case; in instructing plaintiff; and whether the operation had been performed with reasonable care and skill; and also instructed the jury that if defendant had been negligent in any of these particulars, and they found against him on the other conditions of the charge, he was liable. *Held*, that there was no error in these instructions.

2. EVIDENCE—EXPERT TESTIMONY.
     A witness having testified that she was a student in the office of defendant, and that she was present at the operation performed on plaintiff, was asked by defendant to say, from her "reading and observation of this operation and other opera-

tions," whether this one was properly and carefully performed; and was also asked her opinion as to the propriety of performing it. *Held*, that the objections to these questions were properly sustained.

3. TRIAL—REDIRECT EXAMINATION OF WITNESS.
Where a witness alludes in his cross-examination to a remark made by plaintiff, it is within the discretion of the court to allow him to explain on redirect examination what that remark was, though it was derogatory to defendant.

4. SAME—RECALLING WITNESS.
Where defendant had called several witnesses to vindicate the skill of the surgical operation performed by him, it was proper to allow plaintiff to recall an expert witness to testify that the operation was unnecessary.

5. PRACTICE IN CIVIL CASES—NONSUIT.
There is no error in denying a motion for nonsuit where the effect will be to take from the jury questions of fact which are not free from every reasonable doubt.

6. APPEAL—WEIGHT OF EVIDENCE.
Nor should a verdict be disturbed unless against the clear weight of evidence.

Appeal from circuit court, Jefferson county.

Action by Flora E. Graves against Frederick L. Santway, a physician, for alleged malpractice. Verdict, $500 for the plaintiff. Motion for a new trial on the minutes, on the grounds—"*First*, that the verdict is contrary to law; *second*, that the verdict is contrary to the facts; and, *third*, on exceptions taken at the trial." Appeal from the order denying the motion for a new trial, and also from the judgment entered upon the verdict. When the plaintiff rested, the defendant moved for a nonsuit "on the ground that the plaintiff has failed to prove a cause of action." The motion was denied, and the defendant excepted. Defendant took the following exceptions: "*First*. To that branch of the charge submitting to and instructing the jury to find whether defendant used diligence and reasonable knowledge and care to ascertain if it was a proper operation under the circumstances of the • case. *Second*. To that branch of the charge submitting whether defendant used reasonable care to learn what the physical condition of the plaintiff was, and whether the operation performed was a proper operation under the circumstances of the case. *Third*. To that branch submitting whether or not the operation was negligently performed. *Fourth*. To that branch submitting whether or not defendant used reasonable care, and properly instructed plaintiff as to her conduct, and as to what she should do in case of an emergency, and whether it was negligence in defendant if he gave her no instructions whatever in relation to her future conduct. *Fifth*. To that branch submitting whether defendant was negligent in making the diagnosis of the case, or in performing the operation, or in failing to give proper instructions to plaintiff for future guidance; and defendant excepts to the instruction to the jury that if defendant was found negligent in any one of these respects, and if the other conditions in the charge were found against defendant, then defendant was liable."

The complaint alleged that the defendant is a physician and surgeon, and that he "did forcibly, unskillfully, and negligently operate upon plaintiff by unskillfully and negligently inserting instruments into the womb and neck of her womb, or uterus, and parts adjoining thereto, and so forcibly, unskillfully, and negligently performed said operation as to cause plaintiff great pain and suffering, and great loss of blood, and physical weakness." The complaint also alleges "that she did not require an operation, as advised by the defendant as aforesaid, or any operation whatever, and that any operation by defendant in that behalf was improper and unprofessional." It also alleges that prior to the operation plaintiff was in good health, and free from pain, and that immediately after the operation, "and on account thereof, plaintiff became weak and emaciated, and unable to do any manual labor, and ever since said operation has been confined to her bed, on account of said operation, the greater portion of the time; that, by reason of said operation as aforesaid, plaintiff has suffered great bodily pain almost constantly since the defendant per-

formed the said operation as aforesaid, and is now unable to attend to the usual household duties, or to do any labor requiring physical strength or exertion."

Defendant in his answer stated he was a "duly-licensed physician and surgeon, practicing his said profession in and about Theresa," and he denied all the other allegations of the complaint. The testimony of plaintiff in respect to the circumstances of the operation differed quite widely from that given by defendant, and contradicted the testimony of defendant in respect to advice and instructions.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

W. F. Ford and D. Bearup, for appellant. Charles M. Thompson and Watson M. Rogers, for respondent.

HARDIN, P. J. 1. When the plaintiff rested, the defendant moved for a nonsuit "on the ground that plaintiff has failed to prove a cause of action." The motion was denied, and the defendant excepted. In considering the question of law presented by the exception, the plaintiff is entitled to have the evidence construed in a manner most favorable to her position. "All that the evidence in any way tends to prove must be deemed as fully proved; every fact which the testimony and reasonable inferences from it conduce to establish must be assumed to be established. The question could not be taken from the jury, nor their conclusion set aside, unless the facts were free from every reasonable doubt." Harris v. Perry, 89 N. Y. 311, opinion of DAN-FORTH, J., and cases there cited. The evidence disclosed that the defendant was a physician and surgeon, and had treated the plaintiff for various ills prior to the 22d of July, 1887, and on that day she visited his office, some four miles and a half from her home, and, relying upon his assurances, declarations, and advice, submitted to a surgical operation at the hands of the defendant upon the mouth and neck of the womb, for the purpose of removing sterility. Her testimony is to the effect that the defendant said the operation was a necessary and proper one to attain the object in view; that she was assured that the operation would be painless, and would not subject her to sickness or inconvenience, whereas, in truth it was exceedingly painful, and was followed by extensive hemorrhages, and that her health was impaired thereby; that she suffered greatly from the loss of strength and health, and was incapable of attending to her household affairs, and that for a long time she continued in pain and sleeplessness, and that the operation brought on leucorrhœa. Evidence was given in behalf of the plaintiff tending to establish that the operation was not necessary to effect the purpose; that it was done negligently and improperly as to time and place; and that she did not receive the necessary and suitable advice and treatment after the operation. Upon the evidence in the case when the trial judge was called upon to decide the motion for a nonsuit, questions of fact were presented which it was the province of the jury to pass upon. "The law implies a promise on the part of the surgeon that he has ordinary skill, and that he will execute the business intrusted to him with ordinary care and skill. If he fails in this duty he is guilty of default in his undertaking, and cannot collect the pay for his services, but is liable in damages to the persons who employed him." Bellinger v. Craigue, 31 Barb. 534. In Carpenter v. Blake, 10 Hun, 358, the rule of law is stated as follows: "One who offers himself for employment in a professional capacity undertakes (1) that he possesses that reasonable degree of learning and skill which is ordinarily possessed by the professors of the same art or science, and which is ordinarily regarded by the community, and by those conversant with the employment, as necessary to qualify him to engage in such business; (2) that he will use reasonable and ordinary care and diligence in the exercise of his skill and the application of his knowledge, to accomplish the purpose for which he is employed; (3) that he will use his best judgment in the exertion of his

skill and the application of his diligence." This case was affirmed in 75 N. Y. 12, and it was there held: "It is not necessary, in order to sustain an action for malpractice against a surgeon, that there should be proof of gross culpability on his part. Having engaged in the performance of services requiring skill and care, he is liable for a want of the requisite skill, or for an omission to exercise proper care." We think the trial court properly denied the motion for a nonsuit as the case then stood.

2. Plaintiff called Cheesman as a witness to describe the condition of the plaintiff as he observed it in and about her house after the operation. In the course of his cross-examination he was asked in respect to a conversation held by plaintiff with her mother in regard to the defendant. In the redirect examination, by way of cross-examination, the plaintiff was allowed to ask the witness to explain what the remark was, and the witness said that he heard the plaintiff say in that conversation which was alluded to in the cross-examination, viz.: "Look out for that fellow in there, or he will be butchering her next." Apparently this answer was taken by way of cross-examination or explanation by the witness on the subject which he had been required to refer to in the cross-examination had by the defendant. The general rule as to the extent to which cross-examination may go is largely in the discretion of the court. In *Blumenthal* v. *Bloomingdale*, 100 N. Y. 561, 3 N. E. Rep. 292, it appears the witness had been allowed to explain and give the whole of a conversation which had been properly drawn out in his cross-examination, and it was said, viz.: "Plaintiff might prove the whole to prevent or rebut any adverse or damaging inferences."

3. Miss Dell Dresser, a young lady 24 years old, who was a student in the office of the defendant at the time of the operation, and who was called in by him to witness it, and to assist to some extent while the operation was taking place, described, at the instance of the defendant, the circumstances and facts attending the operation, and she was asked: "What do you say as to the propriety or impropriety of performing this operation in this case of sterility?" To this question the plaintiff objected as incompetent, and also that the witness is not competent to express an opinion. The objection was sustained, and the defendant excepted; and the witness then added: "I have read the books upon the subject of sterility, and the various remedies for it." She was then asked the following question: "What do you say from your reading and from observation of this operation and the other operations that you have seen, as to whether or not it was properly and carefully performed?" This was objected to by the plaintiff as incompetent; also, the witness is not competent to express an opinion. The objections were "sustained to the question in that form," and the defendant took an exception. It may be observed that the witness had been allowed carefully to describe all that she saw, or all that occurred in her presence, and whatever she heard of the conversations between the patient and the physician. The question last quoted was compound in its nature, and sought to have the witness compare the operation in question with "the other operations" that she had witnessed, and to determine therefrom "whether or not it was properly and carefully performed." We think the remark of the trial judge was correct, when he said: "Objection sustained to the question in that form." In respect to both of the questions which we have seen were propounded to the witness Dresser, the trial judge was called upon to determine whether she was qualified to speak as an expert, and we are of the opinion that his conclusion was not erroneous. *Hurd* v. *Cook*, 75 N. Y. 454; *Clark* v. *Bruce*, 12 Hun, 271, 274; Whart. & S. Med. Jur. § 275.

4. After the defendant's evidence was in, the plaintiff recalled Dr. Van Dyn, and propounded to him the following question: "If in the case supposed yesterday the cervix was sufficiently large to receive this dilator without pressure exceeding one ounce, then what do you say as to the sufficiency of the

cervix to perform all the purposes of nature?" This question was objected to by defendant "as reopening." Thereupon the court remarked: "I don't remember that they went over that. I think it is competent, and not reopening." Thereupon the defendant took an exception, and the witness answered, viz.: "I should think that the mouth was open. I should think that it would be sufficiently open, so far as the size is concerned, for the processes of nature, if it would allow that in that way." While the defendant had the case he called several physicians to vindicate the operation performed by him, and he had, as a witness, minutely stated the condition in which he found the parts before operating and during his operation. To meet this evidence, it was proper that the plaintiff should be allowed to take the opinion asked for in the question asked of Dr. Van Dyn, and the trial judge committed no error in allowing the question to be answered.

5. We have carefully read the charge of the trial judge, and we find the same is in accordance with the rules of law stated in the case to which we have already referred, and we think the defendant's five exceptions to the charge are unavailing. The questions of fact involved in the case were carefully, cautiously, and elaborately submitted to the jury. We have looked at the other rulings to which our attention has been called by the learned counsel for the appellant, although no exceptions were taken, and we are of the opinion that no error was committed against the defendant in making the rulings during the progress of the trial. We have carefully considered the evidence on either side of the case, and while we are of the opinion that there is great strength in the testimony of the witnesses produced in behalf of the defendant, and while we might hesitate in deciding the main questions adverse to the defendant were they before us in the first instance, we are, however, of the opinion that, considering the conflict in the testimony found when reading that given in behalf of the plaintiff in connection with that offered in behalf of the defendant, and bearing in mind that under our system of jurisprudence controverted questions of fact are to be submitted to a jury, and their verdict accepted unless it is against the clear weight of the evidence, we are of the opinion that it is our duty, in obedience to the general rule applicable to verdicts, to sustain the one taken in this action. Judgment and order affirmed, with costs. All concur.