ANTON J. LORENZ, by his Guardian ad Litem, ANTON LORENZ, Respondent, *v.* HOMER T. JACKSON, Appellant, Impleaded with EDWARD P. BAILEY.

*Malpractice — liability of a physician who informs his patient that he has not sufficient skill to treat the case — verdict upon conflicting evidence.*

Upon the trial of an action brought to recover damages because of alleged malpractice on the part of the defendant, it appeared by the testimony of one of the defendants, who were the attending physicians or surgeons, that after examining the wound of the plaintiff he immediately announced that the wound was of a serious character; that he did not regard himself as sufficiently experienced in surgery to properly treat the case, and that he advised the father of the plaintiff, an infant, to call in the services of a more experienced surgeon. Another doctor, who was also a party defendant, was called to aid in the operation.

Upon this branch of the case the court charged the jury, in substance, that if the practitioner frankly informed the patient of his want of skill, or the patient was in some other way fully aware of it, the patient could not complain of the lack of a skill when he knew that such skill did not exist. The jury rendered a verdict in favor of the plaintiff.

*Held,* that the charge was correct.

It is the duty of the court to accept a verdict rendered upon conflicting evidence, unless it is against the clear weight of the evidence.

APPEAL by the defendant, Homer T. Jackson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 31st day of March, 1894, upon the verdict of a jury rendered after a trial at the Oneida Circuit, and also from an order entered in said clerk's office on the 16th day of April, 1894, denying his motion for a new trial made upon the minutes.

The action was brought against the appellant and one Edward P. Bailey to recover damages resulting from malpractice. The plaintiff recovered a verdict for $3,000. Upon the trial of the action it appeared that plaintiff, while at work upon a railroad on the 17th of April, 1893, was engaged in removing ties, that a nail was found projecting from one of them, and a hammer was placed upon it and another hammer delivered a blow to the first one, and caused a piece of steel to enter the plaintiff's left leg above the knee, the steel passing through two pairs of pants. Blood began to flow, and his father, in company with others, helped

him to a handcar and he was removed about a mile to his home, and then walked some 442 feet from the handcar to his house. The wound was bathed by his mother with water, and shortly thereafter Dr. Jackson, the appellant, who had been to some extent the family physician, was sent for, and he on arriving examined the wound and was unable to discover the piece of steel which is supposed to have entered the limb of the plaintiff; he immediately announced that the wound was of a serious nature and character and that he did not regard himself as sufficiently experienced in surgery to properly treat the case, and advised the father and family of the plaintiff (the plaintiff then being some seventeen years of age) to call in the services of a more experienced and skilled surgeon. The conference resulted in sending for Dr. Bailey, who arrived at the house of the plaintiff about five o'clock in the afternoon, and began to take measures to examine the injuries received by the plaintiff, and he was joined by the appellant, Dr. Jackson, and they remained together in the treatment that was administered to the plaintiff. He was removed from his bed on to a table and ether was administered to him by the appellant, Dr. Jackson, while Dr. Bailey probed for the piece of steel, widening the wound in the limb, and thereafter applied bandages, and the appellant remained with the plaintiff during the night, administering to him hypodermic injections of morphine and atropia. The treatment continued for several days, until about the eighth day after the injuries were received when it was found that dry gangrene ensued, and Dr. Glass was called to attend the patient, and, finally, it was determined that the limb must be amputated, which was done on the 25th day of April, 1893. Voluminous evidence was taken at the Circuit in respect to all the questions of fact that arose in respect to the treatment received by the plaintiff at the hands of Dr. Bailey and Dr. Jackson.

*Tuttle & Ransom,* for the appellant.

*Sayles, Searle & Sayles,* for the respondent.

HARDIN, P. J.:

A careful examination has been made of the several exceptions taken upon the trial without discovering any prejudicial error pre-

sented by them. At the close of the evidence no motion for a non-suit was made. The case was submitted to the jury on the general principles of law applicable to actions of malpractice, in an elaborate charge, to which no exception was taken.

In section 607 of Shearman and Redfield on Negligence it is said : " If the practitioner, however, frankly informs the patient of his want of skill, or the patient is in some other way fully aware of it, the latter cannot complain of the lack of that which he knew did not exist." The substance of the doctrine stated in the quotation just made was apparently approved in *Small* v. *Howard* (128 Mass. 131). (See *Link* v. *Sheldon*, 64 Hun, 632 ; S. C. affd., 136 N. Y. 1.)

During the charge the trial judge recognized the rule stated in the citations just made, and carefully instructed the jury in respect thereto, and afforded the jury an opportunity to relieve the appellant from liability by the application of the rule, if, in the judgment of the jury, the facts and circumstances disclosed by the evidence warranted its application. It must be assumed that the verdict of the jury in regard to the branch of the case referred to in the rule of law just mentioned was found adversely to the appellant. After weighing the evidence found in the appeal book, although very conflicting, we are constrained to adopt the rule in respect to the verdict that was stated in *Graves* v. *Santway* (25 N. Y. St. Repr. 1022 ; S. C. affd., 127 N. Y. 677). It was there said, in effect, that it is the duty of this court to accept a verdict rendered upon conflicting evidence, " unless it is against the clear weight of the evidence."

Having found no legal errors committed during the progress of the trial we are constrained to sustain the verdict of the jury.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.