J. M. MORRISON, Appellee, v. PERRY D. ALTIG, Appellant.

**Veterinary surgeons:** NEGLIGENCE: LIABILITY. One holding himself
out as a competent veterinary surgeon, and as such undertakes to
treat an animal, is bound to bring to that service the learning, skill
and care exercised by the profession generally in that vicinity,
although performing the service without compensation; but if he
represented himself as a mere student or undergraduate and not a
competent veterinary, and disclosed that fact, consenting to under-
take the service only upon urgent request and without compensa-
tion, and performed the service honestly and to the best of his
ability, he would not be liable for resulting injury to the animal.
And even a practicing veterinary, who informs the person em-
ploying him that he lacks skill and experience in the particular
service he is asked to perform, is not liable on account of his
professional incompetence.

**Same:** SUBMISSION OF ISSUES: PREJUDICE. Where the defendant's
evidence, in an action for negligence in the treatment of a horse,
tended to show that he informed plaintiff that he was not a com-
petent veterinary, but was a student and had not completed his
course, that he was reluctant to undertake the service but con-
sented to do so only upon request and without compensation, he
was entitled to have his theory of the case presented to the jury
by proper instruction, and failing to so present it was prejudicial
error.

**Same:** INSTRUCTIONS: CLASSIFICATIONS OF NEGLIGENCE. The classifi-
cation of negligence as slight, ordinary and gross, in instructions
to juries, is wrong in principle and likely to confuse and mislead
them.

*Appeal from Jasper District Court.*—HON. K. E. WIL-
COCKSON, Judge.

TUESDAY, NOVEMBER 19, 1912.

ACTION at law to recover damages for alleged negli-
gence in the treatment of a diseased horse. Verdict and
judgment for plaintiff, and defendant appeals.—*Reversed.*

*Rayburn & Lyman*, for appellant.

*Bray & Shifflett*, for appellee.

WEAVER, J.—The defendant was a student in a school of veterinary science. While at home during vacation he had castrated colts for various persons in that vicinity, and on the occasion in question went to the farm of one Figland to perform an operation of that nature, and while there the plaintiff brought to him a horse having a sweenied shoulder, and asked him to treat it. According to all the witnesses present and testifying upon both sides of the case (except the plaintiff himself), defendant made no profession of being a doctor of veterinary science, but stated that he was still attending school, and had a good record or class standing. The plaintiff alone testifies that defendant said he "was a veterinarian," but he nowhere denies the statement attributed to the defendant by the other witnesses concerning his attendance at school, and that he expected to return to the school in the fall. Figland, at whose invitation defendant was there and through whose intervention the horse was produced for defendant's treatment, says defendant told them he was not a veterinarian, but a student, and had not completed his course at school. All agree that defendant was reluctant to undertake the treatment, and offered several excuses for not doing so, but finally consented. He made an incision in the atrophied shoulder of the animal, and injected therein a quantity of turpentine, and advised the plaintiff to turn the horse out to pasture. The shoulder and body of the horse thereafter became seriously swollen and inflamed, and plaintiff was put to expense in curing it. Defendant says the turpentine injected into the shoulder did not exceed ¾ of an ounce, while plaintiff estimated the quantity at twenty-four teaspoonsful. No other witness attempts to state the quantity. Prior to the operation,

nothing had been said about payment for defendant's services and after they had been performed, though payment was offered, he declined it. The experts testifying in the case unite in saying that the injection of turpentine was proper treatment, but the quantity as stated by plaintiff would be excessive, and probably produce injurious results. In his petition plaintiff alleges that defendant held himself out to the public as a skilled veterinarian, and as such accepted employment to treat plaintiff's horse, but performed the service so negligently and unskillfully as to greatly injure the animal, to plaintiff's damage, for which he demands recovery in the sum of $200. The defendant answers, denying the allegations of the petition.

The right to recover damages in an action of this character is based on the theory that the defendant has failed to discharge a legal duty which he owed the plaintiff, resulting in the injury complained of. The nature and extent of that duty, if any, depends upon the circumstances under which defendant undertook the service. If he was holding himself out to the public or to the plaintiff as a competent veterinary surgeon, and as such undertook to treat the horse, he was in duty bound to bring to that service the learning, skill, and care which characterizes the profession generally in that neighborhood or vicinity, and this duty would be none the less obligatory because he performed the service without compensation. 2 Cooley on Torts (3d Ed.) page 1393.

1. VETERINARY SURGEONS: negligence: liability.

If, however, he did not hold himself out to be a competent veterinarian, if he was as yet a mere student or learner or undergraduate, and frankly disclosed that fact and consented to undertake the treatment only upon the urgent request of the plaintiff, and without compensation, and performed the service honestly and to the best of his ability, then his duty to the plaintiff was discharged, and he is not liable in this action, even though, the same service, if performed by one claiming to be a competent sur-

geon, might justly be characterized as negligent and unskillful in a high degree. *Higgins v. McCabe,* 126 Mass. 13 (30 Am. Rep. 642); *McNevins v. Lowe,* 40 Ill. 209; *Carroll v. Bell* (B. C.) 15 West Law. Rep. 327; *McCandless v. McWha,* 22 Pa. 261.

Even a practicing physician who informs a person employing him that he lacks experience or skill in the service he is asked to perform is charged with no liability on account of his professional incompetence. *Lorenz v. Jackson,* 88 Hun. 200 (34 N. Y. Supp. 652).

The chief complaint of the appellant in argument is that, while the court instructed the jury upon the law applicable to the theory that he was holding himself out as a veterinary surgeon and as such took employment to treat the plaintiff's horse, the instructions did not fully or properly state the law governing his responsibility, if he did not pretend to be a competent practitioner, and at the request of the plaintiff, and without compensation, performed the service to the best of his ability. The objection we think is well grounded. In different paragraphs of the charge the court stated that, if the defendant held himself out as a veterinary surgeon, he would be held in law to exercise the skill and care of veterinary surgeons generally practicing in that vicinity, and that if he failed in this respect, and thereby the horse sustained material injury, he was liable in damages. This is probably a correct statement of the law governing that theory of the case, and we do not understand appellant to seriously question it. But it was equally necessary to a proper submission of the case that the jury be instructed upon the law applicable to the theory of the defense. This the court seems to have omitted unless it is to be found in the sixth and seventh paragraphs of the instructions. If these instructions were intended to cover that phase of the case, we think it must be said they were erroneous.

2. SAME: submission of issues: prejudice.

They read as follows:

(6) You are instructed that if you find from the evi-
dence that the services of the defendant in the treatment
of the mare was rendered to plaintiff and received by him
as a gratuity and at the request of the plaintiff, and the
defendant did not hold himself out to plaintiff as a veter-
inary surgeon, nor as one skilled in that profession, and
you so find, then, before the plaintiff can recover the
defendant must have been guilty of gross negligence.

(7) You are instructed that one who undertakes for
hire the treatment or care of disease or an injury is bound
to use and exercise the skill, learning, and prudence which
is ordinarily and usually employed by members of the pro-
fession practicing in similar localities, taking into con-
sideration the improved methods and advanced state of
learning at the time in question, and failure to exercise
such degree of learning or skill or care is negligence, and,
if by reason of such negligence on the part of a veteri-
nary surgeon an animal is injured or the owner of the
animal is put to unnecessary expense, then the surgeon is
to be held liable to the owner of the animal for all damages
so sustained.

Concerning the first quoted paragraph, it is to be said
that for many years this court has refused to recognize the
so-called degrees of negligence—"slight," "ordinary," and
"gross"—and the introduction of such dis-
tinctions into instructions to juries has been
said to be wrong in principle, and likely to
confuse the jurors. *Gould v. Schermer,* 101 Iowa, 582;
*Kerns v. Railroad Co.,* 94 Iowa, 121.

3. SAME: instruc-
tions: classifi-
cations of neg-
ligence.

In view of the verdict, however, this error might per-
haps be said to have been without prejudice, were it not
for the seventh paragraph. The jury are there told that
any "one who undertakes for hire the treatment or care
of disease or injury is bound to exercise the skill, learning
and prudence which is ordinarily employed by members
of the profession practicing in similar localities." Under
the rule thus stated, even if defendant told plaintiff that

he was not a veterinary, and was without skill or experience in such science, and plaintiff with full knowledge of the fact requested and employed him to treat the horse, and he treated it in good faith and according to the best of his knowledge and ability, he would be held to the same high standard of responsibility which governs the case of a professed veterinarian holding himself out to the world as possessed of the learning, skill, and experience which characterizes the profession generally. This we have seen is not the law, and the instruction could not have been otherwise than prejudicial to the defendant. Indeed, in view of the record before us, it is not easy to account for the verdict otherwise than upon the theory that the jury felt bound to follow the instruction last mentioned, and gave it effect in accordance with the interpretation we have here placed upon it. To deny a new trial would in our judgment work an apparent miscarriage of justice.

For the reasons stated, the judgment below will be reversed, and cause remanded for a new trial.—*Reversed.*