## HOLLOWELL & CO. v. DICKERSON ET AL.

1. **Venue**: EXECUTION: JUDGMENT. Where a judgment has been rendered against a partnership, and the judgment creditor subsequently commences a proceeding to enforce the collection of the unpaid balance against one of the partners, who has meanwhile removed to another county, asking that execution may be levied against him, the judgment debtor cannot ask that the venue be changed to the county of his residence.

*Appeal from Mahaska District Court.*

FRIDAY, OCTOBER 5.

THE petition states that in 1857 the plaintiffs recovered a judgment against the defendants as partners, and in their partnership name of Chom & Dickerson, in the District Court of Mahaska county; that there is due and remaining unpaid on said judgment the sum of $103.58, with interest from

February, 1859; that there is no partnership property out of which to satisfy said judgment. The relief asked is that plaintiffs may have execution against the individual property of the defendants. Notice of the pendency of this proceeding was served on the defendant Dickerson only in Cass county, Iowa.

At the proper time Dickerson filed an affidavit stating that he was a resident of Cass county, Iowa, and that such had been his residence for .twenty years last past; that his co-defendant had moved out of the State, and as affiant was informed and believed was dead.

Said defendant filed a motion, based on said affidavit, for a change of the place of trial to said Cass county, which motion being overruled, the defendant appeals.

*Crookham & Gleason* and *Temple & Phelps*, for appellants.

*W. Kennedy* and *M. E. Cutts*, for appellees.

SEEVERS, J.—The only relief asked by plaintiffs is that they may have an execution awarded to them on a judgment ren-

1. VENUE: execution: judgment. dered by the District Court of Mahaska county. The right of the plaintiffs to such relief is in no manner contested; so far as appears by the record before us. If the relief asked can be granted by any court, it must be and can only be by the court rendering the judgment. The theory of the plaintiffs is that this proceeding is a mere continuation of the original action, and brought to enforce the judgment therein rendered.

The District Court of Cass county cannot award execution on a judgment in the District Court of Mahaska county, or order or direct the latter court to issue an execution on such judgment. In view of the only relief asked, the District Court did not err in overruling the motion.

In this ruling we do not desire to be understood as determining that the plaintiffs are entitled to the relief asked in this proceeding. The plaintiffs designated it as a proceeding by *scire facias*. Such a proceeding is not recognized or allowed by any statute of. this State; and whether. the same exists as a

common law remedy, owing to our peculiar legislation on this subject, must remain an open question. So also must the question whether the only remedy available is not an action on the original cause of action or on the judgment.

AFFIRMED.