KELLEHER v. CITY OF KEOKUK.

1. **Evidence:** CONDITION OF SIDEWALK: NOT EXPERT. Any person of ordinary intelligence is capable of observing the condition of a sidewalk, whether it be in good repair or not, and may testify thereto without a showing of his qualifications as an expert.

2. ———: OBJECTION TO QUESTION SUSTAINED: PREJUDICE NOT SHOWN: JUDGMENT NOT DISTURBED. Where the court sustained an objection to a question put by plaintiff to a witness, and it is not shown what fact plaintiff expected to elicit from an answer to the question, nor what response witness would have made thereto, we cannot presume that plaintiff was prejudiced by the ruling of the court.

3. **Cities and Towns:** DEFECTIVE SIDEWALKS: NOTICE TO CITY: INSTRUCTION. In an action for damages caused by a defective sidewalk, an instruction that if the defect in the sidewalk was "open and notorious," the city was chargeable with notice thereof, was not objectionable on the ground that the jury would understand the court to refer to a defect consisting of an open hole in the sidewalk. The word "open" would be understood to mean "not hidden or concealed."

4. **Practice in Supreme Court:** INSTRUCTION NOT EXCEPTED TO NOT REVIEWED. An instruction given by the trial court cannot be reviewed by this court unless duly excepted to in the court below.

5. ———: AMOUNT OF EVIDENCE TO BE CERTIFIED IN LAW ACTIONS. The evidence *in full* is required to be certified to this court in law actions, only when it is urged that the verdict is not supported by the evidence. Instructions may be reviewed upon the presentation of so much of the evidence as will show that facts, to which the instructions were applicable, were before the court; and rulings admitting or rejecting testimony may be reviewed upon the presentation of so much of the evidence as will enable this court to determine the character and bearing of the questions raised.

*Appeal from Lee Circuit Court.*

THURSDAY, MARCH 22.

ACTION at law to recover damages for personal injuries resulting from a fall upon the sidewalk of the city, caused by its defective condition. There was a judgment upon a verdict for defendant. Plaintiff appeals.

*Miller & Son*, for appellant.

*J. H. Dryden*, for appellee.

Beck, J.—I. The objections to the judgment, raised by the assignment of errors and urged in argument, relate to rulings of the Circuit Court in admitting and excluding evidence, and in giving certain instructions to the jury. We will consider these objections in the order of their presentation in the assignment of errors.

II. An affidavit filed in support of a motion for a continuance made by defendant, on account of the absence of a witness, alleged that defendant expected to prove by the witness that the sidewalk upon which plaintiff fell was at the time in " good repair." In order to avoid the continuance, plaintiff admitted that the witness, if present, would testify as stated in the affidavit, but denied the competency of the evidence, and objected thereto upon the ground that the statement of the witness as to the condition of the sidewalk was an expression of opinion, and it was not shown by the affidavit, or otherwise, that the witness was competent as an expert to state an opinion in regard to the condition of the sidewalk. We think the statement of the affidavit to the effect that the sidewalk was in "good repair" is not the expression of an opinion, but of a fact discovered by the observation of the witness. Any person of ordinary intelligence is capable of observing the condition of a street or sidewalk, whether it be in good repair or bad condition. All persons living in or who frequent cities continually use the streets, and in passing along a sidewalk would ordinarily observe its condition. The testimony in question belongs to that class which relates to experience and observation as to affairs of every day life, to which the attention of all are directed, and of which all are competent to speak. A witness, without a showing of his qualifications as an expert, may state conditions of the weather, the time of the day, the comparitive

1. EVIDENCE: condition of sidewalk: not expert.

distance which separates objects, the condition of the roads and streets, and the like, for the reason that matters of this kind are within the observation of all, and in speaking of them he does not express an opinion, but states facts learned from observation.

III. The next objection urged by counsel is based upon the exclusion of evidence, as shown by the following extract

2. ———: objection to question sustained: prejudice not shown: judgment not disturbed.

from the record before us: " Plaintiff offered the evidence of one Thompson, a carpenter and sidewalk builder, who testified he laid the sidewalk for defendant, where plaintiff fell, in 1868, and knew how long stringers under such sidewalks would remain, so as to hold nails, after construction; and plaintiff then asked him how long a stringer, as referred to, would remain before becoming rotten and becoming incapable of holding nails. Defendant objected, and the court sustained the objection and refused to let witness answer." It is not shown what fact plaintiff expected to elicit from an answer to the question, nor what response the witness would have made thereto. We cannot presume that the witness would have given evidence beneficial to plaintiff, and that she was prejudiced by the refusal of the court to permit the witness to answer the question. Error and prejudice to plaintiff should be affirmatively shown, to authorize us to reverse the judgment on the ground of this or any other ruling of the court. See *Jenks v. Knott's Mexican Silver Mining Co.*, 58 Iowa, 549.

IV. The court in three instructions (the 5th, 6th and 11th) directed the jury, in effect, that if the defect in the

3. CITIES and towns: defective sidewalk: notice to city: instruction.

sidewalk was "open and notorious," the city is chargeable with notice thereof. To these instructions counsel for plaintiff object, on the ground that the use of the word "open" is misleading, in that the jury would understand the court to refer to a defect consisting of an "open hole" in the sidewalk. Counsel give an improper effect to the word "open." It means, in the con-

nection where it is found in the instruction, "not concealed, not hidden, exposed to view, apparent"—a secondary signification in which the word is very frequently used. We observe that the learned and experienced counsel who argued the case before us uses the word in this precise sense in his written brief. The instructions, we think, are not objectionable upon the ground urged by counsel.

V. Counsel for plaintiff assail the 13th instruction given to the jury, on the ground that it presents the doctrine that

**5. PRACTICE in supreme court: instruction not excepted to not reviewed.** defendant must be shown to have notice of the defect in the sidewalk, in order to charge it with liability, insisting that it is liable if the city authorities could have discovered the defect by the exercise of reasonable care and diligence. This, though a brief, is a sufficient statement of counsel's point for our present purpose. No instruction presenting this view of the law was asked by plaintiff on the trial, and the 13th instruction given upon which the objection under consideration is based, was not in any manner excepted to in the court below. No exceptions to instructions were taken when they were given, as contemplated by Code, § 2789. See *Cadwallader & Co. v. Blair et al.*, 18 Iowa, 420. But exceptions to the 5th, 6th and 11th instructions, and to no others, were taken upon the motion for a new trial as contemplated by Code, § 2789. The 13th instruction, assailed by the objection under consideration, was not excepted to in the court below. Under the familiar rule that objections, not founded upon exceptions taken at the proper time, will not be considered in this court, we cannot determine the question discussed by counsel.

VI. Counsel for defendants insist that, as the evidence is not all before this court, and that, as the record " only pur-

**6. ———: amount of evidence to to be certified.** ports to set out the evidence tending to prove certain facts," there can be in this court "no review of the instructions, nor of the admission or refusal of testimony, because the court cannot say there is any prejudice."

Kelleher v. City of Keokuk.

This position has no support under the familar rules of practice of this and other appellate courts. Instructions may be reviewed upon the presentation of so much of the evidence as will show that facts, to which the instructions are applicable, were before the court. All that is usually necessary is a statement in the bill of exceptions that there was evidence tending to prove such facts.

Nor is it necessary to have all the evidence before us to authorize us to review rulings admitting or rejecting testimony. The evidence about which the question arises should appear, not necessarily in full, so that we can determine its character and bearing.

We learn the issues in the case from the pleadings, which we consider in determining the applicability of instructions, and the competency and relevancy of the evidence.

We fear the error of defendant's counsel upon this point is entertained by many other counsel who prepare cases for this court. The evidence is often fully set out in many pages, when a paragraph, stating what facts the testimony tended to prove, would answer a better purpose. This unnecessary practice imposes great labor upon counsel, and great burdens upon parties to actions in the matter of costs. The evidence in full is required in law actions only when, as an objection to the judgment, it is urged that the verdict is not supported by the testimony. Upon no other questions is it proper to bring before us all the evidence.

We have considered all the questions in the case, and reach the conclusion that the judgment of the Circuit Court ought to be

AFFIRMED.