West v. Ward.

77   323
83   237

77   323
101   588

77   323
127   492

77   323
133   703

## WEST v. WARD.

**Proximate Cause:** INJURY TO MARE ESCAPING THROUGH OPENED FENCE.   Plaintiff was pasturing his highly bred mare in an enclosure, and the surrounding country was largely fenced with barbed wire, which is especially dangerous to horses running at large. Defendant wrongfully opened and left open the fence of the enclosure, and the mare escaped through the opening and became entangled with a barbed wire fence and was injured.   *Held* that defendant's wrong in opening the fence and leaving it open was what exposed the mare to the danger, and was the proximate cause of the injury; and a direction to the jury to find for the defendant on the ground that it was not the proximate cause was erroneous.

*Appeal from Dallas District Court.*—HON.  J.  H. HENDERSON, Judge.

FILED, MAY 11, 1889.

ACTION to recover damage resulting to a valuable, highly bred mare from injuries caused by a wire fence to which she was exposed by the wrong and negligence of defendant in opening the fence enclosing the pasture wherein the mare was running.   After the evidence on behalf of plaintiff was submitted, the district court directed the jury to return a verdict for defendant, which was done, and judgment was rendered thereon, from which plaintiff appeals.

*Edmond Nichols* and *R. S. Barr*, for appellant.

*White & Clarke*, for appellee.

BECK, J.—I. The petition alleges substantially that plaintiff was the lessee of certain pasture land wherein he kept certain valuable horses, among others a highly bred and well-trained young trotting mare of great value ; that defendant unlawfully went upon the premises, wrongfully and negligently opened the fence enclosing it, and left it open, which permitted the young mare to escape from the pasture ; that the country sur-sounding the pasture was largely fenced with barbed wire, which is dangerous to stock running at large ; and that the mare, in attempting to return to the locality from which she had been brought, became entangled in a barbed-wire fence, and was severely cut and wounded, so that her value was almost destroyed. The evidence tends to support the allegations of the petition, showing that the country about the pasture was largely fenced with barbed wire, which is dangerous to stock, especially those running at large. The defendant moved the court for a verdict in his behalf on the following grounds : "*First.* The evidence introduced by the plaintiff fails to show that the wrong of the defendant of which the plaintiff claims is the proximate cause of the injury for which he sues. *Second.* The evidence of the plaintiff shows affirmatively that the wrong of the defendant of which the plaintiff pleads is not the proximate cause of the injury for which plaintiff sues, but that it is the result of an independent cause. *Third.* No evidence has been introduced tending to show that the injury of which the plaintiff claims is the usual and ordinary, natural and probable and approximate result of the alleged wrongful conduct of · the defendant." This motion was sustained, and a verdict accordingly returned, upon which a judgment was rendered for defendant.

II. We need not determine whether the question of the sufficiency of the evidence to show that the act of defendant in opening the fence was the proximate

cause of the injury, and the usual, ordinary, natural and probable result of the defendant's act, was exclusively for the court or for the jury. Upon this question, see *Dubuque Wood, etc., Ass'n v. City and County of Dubuque*, 30 Iowa, 176 ; *Knapp v. Railway Co.*, 71 Iowa, 41 ; *Handelun v. Railway Co.*, 72 Iowa, 709 ; *Bosch v. Railway Co.*, 44 Iowa, 402 ; *Scheffer v. Railway Co.*, 105 U. S. 249. If the record before us shows that defendant's act was the proximate cause of the injury, and should have been so found, the direction of the court requiring a verdict for defendant is erroneous. We are therefore to inquire whether the evidence shows that the injury to the mare was the usual, ordinary, natural and probable result of defendant's act in opening the fence of the pasture.

III.   The plaintiff's mare was kept in the enclosure of the pasture, not only that she might graze, but also that she might be protected from the dangers to such property resulting from her running at large. These dangers are many and obvious. Among them is the danger from barbed-wire fences, which, the evidence tends to show, especially exists as to horses of her kind running at large. If she had been kept in the enclosure of the pasture these dangers as to her would not have existed. When, through the defendant's act, she was permitted to run at large, the dangers commenced, and ended in the injury. The animal was exposed to the danger of barbed-wire fences as soon as she commenced running at large. It is plain that defendant's act exposed the mare to the danger, and it is equally plain that the injury resulted from the act. It is also plain that this injury was the proximate result of defendant's acts, for it immediately followed that act as a sequence. It was the usual, ordinary, natural and probable result, for the evidence tends to show that it was dangerous to permit horses of this kind to run at large. The word "dangerous" means "attended with danger, perilous, full of risk," etc. Where there is danger, peril, risk of a particular injury, which actually occurs, we must surely say that it is the usual, ordinary,

natural and probable result of the act exposing the person or thing injured to the danger and peril. In the case before us the mare was not exposed to danger of injury before she was permitted to run at large. Defendant's acts exposed her to danger of the injury. The injury followed without any intervening act adding to the danger or aiding to bring the animal within the exposure thereto. Surely defendant's act in breaking the fence, and thus permitting the mare to run at large, was the direct and proximate cause of the injury. We reach the conclusion that the district court erred in directing the jury to return a verdict for defendant. The judgment is therefore        REVERSED.