Dennis Kerns v. The Chicago, Milwaukee & St. Paul
Railway Company, Appellant.

| 94 | 121 |
|----|-----|
| 101 | 588 |
| 94 | 121 |
| 104 | 142 |
| 94 | 121 |
| f108 | 179 |
| 94 | -121 |
| 112 | 244 |

**Railroads:** INJURY TO SERVANT: ASSUMING RISK. An employe does
not assume the risk of coupling a pilot bar to a box car unless
he should, as a reasonably prudent and careful man, have known
that such coupling was unusually dangerous.

CONTRIBUTORY NEGLIGENCE. It is not error to treat contributory neg-
ligence as being a contribution to one's own injury by *"ordinary*
negligence."

VERDICT SUSTAINED where evidence tends to prove the petition and
is in conflict on contributory negligence.

**Witness:** COMPETENCY. One engaged in railroad work for twenty
years, who has been in the construction department and has fre-
quently seen pilot bar couplings made, is qualified to say what
the usual manner of coupling, a box car to an engine, with such a
coupling is.

**Construction of Rule.** A rule prohibits the use of unsafe appliances
and states that safe ones will be furnished. *Held,* it does not
forbid the use of a road engine to make a pilot bar coupling, by
the use of a Janney coupling, to a box car; at least when it does
not appear that such a coupling cannot be safely made with due
care.

*Appeal from Dallas District Court.*—HON. J. H. APPLE-
GATE, Judge.

THURSDAY, APRIL 4, 1895.

Action at law to recover for injuries alleged to
have been sustained by reason of negligence on the
part of defendant. There was a trial by jury, and a
verdict and judgment for the plaintiff. The defendant
appeals.— *Affirmed.*

*Edmund Nichols* and *Wright & Baldwin* for appel-
lant.

*Shortley & Harpel* for appellee.

Robinson, J.—In December, 1892, the plaintiff was
in the employ of the defendant, in its yards at Perry,
and in attempting to make a coupling, in the line of his
duty, he received a serious injury to one of his hands,
and for that he seeks to recover. At the time of
receiving the injury he was attempting to couple the
pilot bar of a locomotive road engine to a box car which
was furnished with a Janney coupler and drawbar. He
alleges that while he was in front of the engine, holding
the pilot bar in position to couple, the engineer in charge
of the engine wrongfully, negligently, and unskillfully
operated it, carelessly and suddenly increased its speed
to a dangerous rate, and ran the engine with reck-
less force and violence against the box car, knocking
it forward and shoving the plaintiff out of balance,
and, while he was in that condition, wrongfully and
negligently ran the engine against the car, shoving the
pilot under its end, thereby crushing and injuring the
hand of the plaintiff, and causing the injuries in
question. The defendant denies all allegations of

negligence on its part, and avers that the plaintiff was injured in consequence of his own negligence.

I.   There was a conflict in the evidence in regard to the proper manner of making the coupling which the plaintiff attempted to make when injured.   Witnesses on the part of the defendant testified that the person making such a coupling should stand on the pilot, with his toes or heels between the pilot bars, while witnesses for the plaintiff testified that he should stand upon the ground.   One of the witnesses, Patrick Kerns, testified in regard to the usual manner of coupling a box car to an engine with a pilot-bar coupling. The defendant objected to the testimony, and insists that it was erroneously admitted, on the ground that the witness had not shown himself competent to testify.   The witness had been engaged in railroad work for twenty years, and had been in the construction department, but had never made a pilot-bar coupling.   He had seen such couplings made by others frequently, and knew and testified how they were usually made.   He was not asked, and did not give, his opinion in regard to the matter, but merely testified to a relevant fact within his personal knowledge, and we think he was fully qualified to do so.

II.   It is more difficult to couple to a Janney coupler than to others; and some evidence was introduced which tended to show that the coupling of a pilot-bar to a box car was dangerous, and the defendant contends that the attempt to make it was contrary to a rule of the company which is as follows: "To All Trainmen and Switchmen: You are prohibited from using any tools or appliances of any kind that are not safe to be used."   Another rule or notice is as follows: "This company will furnish its employes tools, machinery, and rolling stock and appliances which are in good order, and safe for the

use for which they are intended. Employes will always be upheld by the company in refusing to use tools, machinery, rolling stock, or appliances which are unsafe." These rules must receive a reasonable interpretation. The operation of a railway is necessarily accompanied by many dangers, prominent among which is the making of couplings. Tools, machinery, rolling stock and appliances may be safe when properly used, and very unsafe when used negligently. That was true of the Janney coupler and the engine pilot-bar. To use them required more care, perhaps, than was required to make ordinary couplings, but they are not shown to be so unsafe that the plaintiff should have refused to make the coupling ordered. The defendant had notified its employes that it would furnish them machinery, rolling stock, and appliances which should be in good order and safe for the use for which they were intended. That did not mean that accident could not happen from using them, nor did the rule forbidding the use of tools or appliances of any kind which were not safe mean that the use of such tools and appliances was forbidden when accident could result from it. The car with the Janney coupler had been provided by the defendant, and its employes were required to couple it to the pilot-bar of a road engine. It is not shown that the coupling could not have been made safely, had the plaintiff and the engineer of the defendant used reasonable care in making it; and the plaintiff, in the exercise of due care, was authorized to attempt it. The court therefore rightly charged the jury that "the rules of the defendant introduced in evidence do not forbid the use of a road engine to make a pilot-bar coupling with a box car, and that plaintiff, in his use of said engine for that purpose, was not violating said rules of the defendant."

III.   The defendant complains of the use by the court, in its charge, of the term "ordinary negligence," as applied to the conduct of the plaintiff in attempting to make the coupling in question.   The jury were told that the plaintiff must not only establish his allegations of negligence on the part of the defendant, but "that he did not contribute to produce said injuries by his own ordinary negligence."   The term was also used in other portions of the charge.   It was approved by this court in *Spencer v. Railroad Co.*, 29 Iowa, 58.   In 1 Shearman & R. Neg. section 86, it is treated as the equivalent of "want of ordinary care;" and, when used in that sense, we think it is not improper, although, perhaps, not the best means of expressing the thought intended to be conveyed.   We do not think any prejudice could have resulted to the defendant from its use in this case.

IV.   The defendant complains of a portion of a charge referring to the coupling of a pilot-bar to a box car, which is contained in the following:   "If such using of said road engine was unusually dangerous, and was by the plaintiff known to be unusually dangerous, or that, as a reasonably prudent and careful man, he should have known that such use was unusually dangerous, then the plaintiff, in such use of said road engine, assumed all the risks incident to the use thereof; but he did not assume any risks incident to the negligent handling of said engine by the defendant, or by the engineer of the defendant, if there was negligence in the handling thereof."   It is insisted that, if this use of the engine specified was dangerous, the plaintiff, from the nature of his employment, was bound to know it, and if he knew it he assumed the risks incident to such use, and cannot recover if he be injured thereby.   Therefore, it is said the court erred in telling the jury that, in order for the plaintiff

to have assumed the risk of the employment, he should have known, as a reasonably prudent man, that the coupling attempted was unusually dangerous. We do not think that the plaintiff was bound to know what was unusual, and therefore what was not to be expected in the usual course of his employment, and the charge of the court made him liable for the knowledge of the danger which a reasonably prudent and careful man, under the same circumstances, should have had. That, in our opinion, was sufficient.

V. It is further claimed by the defendant that the verdict was not sustained by the evidence, and that the court should have granted a new trial. Evidence was given which tended to prove all the material averments of the petition, and, while it is true that there was considerable evidence which tended to show that negligence of the plaintiff contributed to his injury, yet the conflict in the evidence was so great that the facts of the case were properly left to the determination of the jury. No reason has been shown for disturbing the judgment of the district court, and it is therefore *affirmed.*