WILLIAM R. SIMONS v. THE TOWNSHIP OF CASCO.

*Defective highways—Proximate cause.*

In a personal injury case it appeared that a highway in the defendant township crossed a ravine by a culvert some 6 feet high; that the highway was built up across the ravine for quite a distance, and at the top was some 30 feet wide, until, arriving within 40 feet of the culvert, it narrowed to 13 or 14 feet on top; that the culvert was 6 feet high, made of planks 16 feet long, and extended about a foot beyond the embankment, and was of the width of about five feet; that at the south-westerly corner of the culvert, and extending across to the middle of the traveled track, there was a hole, or washout, some 2 feet wide, and from 4 to 7 feet long, and from 1 to 2 feet deep; that there was no railing or barrier along the embankment; that, just as the plaintiff got nearly to the culvert, his horse shied at the hole, and jumped over the embankment on the other side, carrying plaintiff and the buggy with him. One count of the declaration alleged all of the defects as producing the injury complained of. And it is held that the court very properly submitted the question to the jury whether the proximate cause of the injury was. one or all of the defects combined.

Error to St. Clair.   (Vance, J.)   Argued April 5, 1895. Decided June 4, 1895.

Case.   Defendant brings error.   Affirmed.   The facts are stated in the opinion.

*Chadwick & McIlwain* and *H. W. Stevens*, for appellant.
*Hovey & Muir*, for plaintiff.

Long, J.   The plaintiff was driving along a public high-
way in the defendant township, when his horse took
fright, as it is claimed, at a hole in the traveled part of
the way, and jumped suddenly over the embankment.
Plaintiff was seriously injured, and this action is brought
to recover damages in consequence thereof.

It appears that at the place of the accident the high-
way crosses over a ravine by a culvert some 6 feet high.
The highway is built up across this ravine for quite a
distance, and at the top is some 30 feet wide, until, arriv-
ing withing 40 feet of the culvert, it narrows to 13 or 14
feet on top.   The culvert is 6 feet high, made of planks
16 feet long, and extending about a foot beyond the em-
bankment, and of the width of about 5 feet.    At the
south-westerly corner of the culvert, and extending
across to the middle of the traveled track, there was a
hole, or washout, some 2 feet wide, and from 4 to 7 feet
long.   The depth is variously estimated by the witnesses
at from 1 to 2 feet.   It had been filled occasionally, and
again washed out.   Some of the witnesses stated that
there was room enough by the side of this washout to
drive over the culvert.   There was no railing or barriers
along the embankment.   The condition of the highway
was apparently well known to the officers of the town-
ship.   The plaintiff is a farmer, about 30 years of age.
He had often driven over this highway.   It was just get-
ting dark as he drove there.   He claims to have driven on
a walk as he approached the place.   The horse was 17
years old, and kind and steady.   He knew it was a bad
place, and claims to have driven carefully; but when he
got nearly to the culvert his horse shied at the hole, and
jumped over the embankment on the other side.   The
horse and buggy went over, carrying him with it.   Some
hair was found on the ends of the plank.   He was
severely injured, and testifies that the last thing he re-

membered was that the horse shied at the hole. His cries brought some of the neighbors to him, who found him in the ravine.

At the close of the testimony, counsel for defendant submitted five special questions to the jury, as follows:

"1. Was the hole in the road such an object that a township officer might reasonably anticipate that it would cause horses to shy off over the end of the culvert?

"2. Was the causeway in question such a dangerous place upon the highway that a township officer, using reasonable prudence, should have placed railing on the side in order to have made the road reasonably safe and fit for public travel?

"3. Do the jury find the short embankment or fill on each side of this culvert was of a reasonably safe width on the surface for ordinary travel in that vicinity by ordinarily gentle and roadworthy horses and ordinarily careful driving?

"4. Do the jury find that the plaintiff drove or allowed the horse to go out of the traveled way on account of the darkness of the night, or through inability to see the roadway or objects in the roadway?

"5. Do the jury find that the plaintiff was negligent or failed to exercise due or ordinary care in driving at this place, in view of his admitted knowledge and familiarity with the place?"

To the first and second questions the jury answered, "Yes," and to the others, "No." The jury returned a verdict in favor of the plaintiff.

It is contended that there was no evidence that the horse shied at the hole; that from the plaintiff's own testimony it appears that he had no conception just how the accident happened. We think it appears clearly from the plaintiff's testimony that the horse shied at the hole, or at least there was evidence from which the jury would be justified in so finding.

The declaration contains three counts. The first count alleges the dangerous washout as the proximate cause of the injury. The second count attributes the injury to the failure to maintain railings or barriers. The third

count attributes the injury to the narrowness of the way, the proximity of the traveled track to the edge of the causeway, the existence of the dangerous washout, and the want of railings, combined, as the proximate cause. Counsel for defendant contend that the proximate cause of the injury was that the plaintiff's horse took fright at the hole, and the court erred in not so charging. The court, in its charge, directed the attention of the jury to the claims made by counsel for plaintiff that the road-way was defective in not being built of proper width at the top of the embankment, the want of railings or barriers, and the defect occasioned by the hole or washout, and instructed them that it was the duty of the defendant to maintain a highway which was reasonably safe and fit for travel, and if they found, under the testimony, that the highway was in a condition reasonably safe and fit for travel, the plaintiff could not recover; and, further, that the township was not liable for any defect in the highway unless the defect itself was the proximate cause of the injury complained of. The complaint made of this charge is that the court permitted the jury to take into consideration the want of barriers and the width of the roadway, as well as the washout, as the proximate cause of the injury. The charge was in accordance with the settled rule of law in this and other states. These defects were apparently concurring causes. The hole caused the horse to shy, and by reason of the narrowness of the roadway and want of barriers the horse went over into the ravine. In *Houfe v. Town of Fulton*, 29 Wis. 296, it was held that—

"Where, besides the defect in the highway, there is another proximate cause contributing directly to produce the injury, which cause is not attributable to the plaintiff's negligence, nor that of any third person, the town is still liable, in case the jury shall find that the damage would not have been sustained but for the defect in the way."

It appeared in that case that the plaintiff was riding

over a bridge without guards, when his horse suddenly stopped, staggered, and fell sidewise, and went over the side of the bridge into the river, carrying the plaintiff with him. The same rule is stated in *Hunt v. Town of Pownal,* 9 Vt. 411; *Palmer v. Inhabitants of Andover,* 2 Cush. 600. See, also, *Gage v. Railroad Co., ante,* 335. In the present case, however, the defendant is responsible for all the defects which caused the injury. *Selleck v. Railway Co.,* 93 Mich. 375. The declaration in the third count alleges all the defects combined as producing the injury complained of, and the court very properly submitted the question to the jury whether the proximate cause of the injury was one or all of the defects combined.

Counsel contend that the case comes within the rule laid down in *Beall v. Township of Athens,* 81 Mich. 541. In that case, however, the log at which the horse took fright was outside the traveled part of the way.

We find no error in the record.

Judgment must be affirmed.

The other Justices concurred.