THERESA LANGHAMMER, Appellant, v. THE CITY OF MANCHESTER.

**Negligence:** PROXIMATE CAUSE: *Municipal corporation.* A municipality is not liable for an injury to a traveler on a highway, to which two causes contributed, for one of which it was responsible and the other not, unless the injury would not have been sustained but for the defect for which it was responsible.

CONTRIBUTORY NEGLIGENCE: *Instructions.* An instruction on the subject of contributory negligence, which requires one who knows, or by the exercise of ordinary care and prudence can discover, that a sidewalk is more dangerous than ordinary streets and sidewalks, to use more than ordinary care and caution to avoid an accident, is erroneous, as ordinary care and prudence is all that is required under any circumstances, although the acts which will constitute such care and prudence vary with the varying circumstances; and such an instruction conflicts with another, which requires but ordinary care.

**Evidence:** CONCLUSIONS. Questions as to whether the witness had ever observed anything on the steps that would tend to render them in a bad condition, are improper upon an inquiry as to the condition of the steps in respect to the accumulation of ice and snow, as they call for a conclusion where the facts upon which the conclusion is based can be represented to the jury.

RELEVANCY. Evidence of similar disconnected accidents is not admissible to show the defective condition of a portion of the walk upon which plaintiff slipped and fell.

**Appeal:** RULING BELOW ON OBJECTION. An objection to testimony on the ground that it is the conclusion of the witness, is not available on appeal, where no ruling was made on the motion to strike it out, and none was insisted upon.

EVIDENCE: *Harmless error.* The exclusion of a question is not prejudicial error where the same witness is afterwards asked and answers the question without objection.

*Appeal from Delaware District Court.*—HON. A. S. BLAIR, Judge.

SATURDAY, OCTOBER 17, 1896.

THIS is an action brought by the plaintiff to recover damages resulting from an injury to her person, caused by a fall, as she alleges, upon a stone step leading from the sidewalk on Franklin street to the walk crossing said street in the defendant city. The negligence charged is, *First,* in permitting snow and ice to accumulate upon said step, and to remain there in an uneven, rounded, slippery, and dangerous condition; and, *Second,* that the walk was improperly constructed, in that it inclined towards the west at said point, so that ice and snow melting thereon would run down and freeze upon said step, and that the step had settled on one side, so that it inclined to the east. While plaintiff, on said day, and in the exercise of due care, was attempting to descend said steps, and without knowledge of their dangerous condition, she fell, and sustained serious and permanent injuries. Damages are asked in the sum of five thousand dollars. The defendant admits its corporate capacity, and denies all other allegations of the petition and amendment thereto. The cause was tried to the court and a jury, and a verdict returned for defendant. Plaintiff appeals.—*Reversed.*

*A. A. House* and *Yoran & Arnold* for appellant.

*Bronson & Carr* and *Dunham & Norris* for appellee.

KINNE, J.—I. This record contains one hundred and seventy-two assignments of error, of which about fifty are argued. It cannot be expected that we shall

separately consider every error argued. In response to a question as to how carefully he had observed the step, a witness answered: "I observed in particular that this step was secure." A motion was made to strike this answer, because it was a conclusion of the witness. There was no ruling on this motion, and none appears to have been insisted upon by counsel; hence the error, if any, in admitting the evidence was waived. *Gable v. Hainer*, 83 Iowa, 459 (49 N. W. Rep. 1024); *Payne v. Dicus*, 88 Iowa, 426 (55 N. W. Rep. 483); *Rosenthal v. Bilger*, 86 Iowa, 246 (53 N. W. Rep. 255). Furthermore, in the course of his examination, this witness fully described the condition of the step, and no prejudice could have resulted from the ruling.

II. Complaint is made of the rulings of the court upon certain so-called "hypothetical questions" asked physicians. We do not discover any error in these rulings. Under the rule laid down in the following cases, the questions were not objectionable: *In re Norman's Will*, 72 Iowa, 84 (33 N. W. Rep. 374); *Meeker v. Meeker*, 74 Iowa, 356 (37 N. W. Rep. 773); *Bever v. Spangler*, 93 Iowa, 575 (61 N. W. Rep. 1080).

III. Error is assigned upon the ruling of the court in excluding an answer to the following question as leading: "State whether or not it sloped or inclined in any, and what, direction." As the question was afterwards asked the same witness, and answered, without objection, the ruling was, without prejudice, in any event.

IV. Plaintiff attempted to show by several witnesses, that prior to the time of the accident in question, they had slipped or fallen at, or on, this same step, or had seen others do so. This evidence was excluded, of which ruling appellant now complains. Counsel cite no case decided by this court which would justify the admission of such

evidence. Whatever may be the rule in other jurisdictions, it is well settled in this state, that in such a case evidence of similar disconnected acts is not admissible. *Hudson v. Railway Co.*, 59 Iowa, 581 (13 N. W. Rep. 735); *Mathews v. City of Cedar Rapids*, 80 Iowa, 466 (45 N. W. Rep. 894; *Croddy v. Railway Co.*, 91 Iowa, 598 (60 N. W. Rep. 214).

V. Witness Atkinson, after testifying, that during the first sixteen days in December he had passed up and down over these steps at least three times a day, was asked: "Now, state if, at any of the times you passed up and down those steps, you observed anything on the steps that would tend to render them in a bad condition." He answered: "That there was nothing on them." Another witness, after disclosing a like use of the steps, was asked: "During these four times that you went up and down these steps, for the first sixteen days of December, 1893, Sundays excepted, what, if anything, did you observe on these steps that would make it dangerous to fall or otherwise?" He answered: "I never observed anything dangerous on them." Both questions were objected to, as calling for the conclusion of the witness. It will be observed that these questions are not directed to the condition of the steps, as to whether they were in good repair, as to being sloping or slanting, but the questions are evidently directed to the condition of the steps, as to what was on them, as to snow or ice. If it had been attempted to show, in a general way, that the steps were in "good repair," the evidence might have been admissible, under the holding in *Kelleher v. City of Keokuk*, 60 Iowa, 473 (15 N. W. Rep. 280). It seems to us, however, that these questions, in effect, asked the witness whether or not, from his observation, there was such an accumulation of snow and ice on the steps as to render them dangerous. They were properly

objected to, as calling for a conclusion. It is said that this evidence was introduced to prove a negative, viz., that "nothing dangerous or in the nature of an obstruction was, at the time inquired about, upon the steps in question." This is not a case like *Manufacturing Co. v. Gates* (Minn.) (63 N. W. Rep. 261), and other cases where a negative can be proven in no other way. Nor does it come within the rule laid down in *Yahn v. City of Ottumwa*, 60 Iowa, 430 (15 N. W. Rep. 257), and relied upon by appellee. There is nothing in the nature of the facts surrounding this accident and the condition of these steps which prevents their being fully detailed to the jury by the witnesses. The actual condition of the steps at the time these witnesses passed over them, could have been as easily put before the jury as any fact. The evidence, then, should have been directed to the facts, as to the condition of the steps, leaving the jury to determine whether or not such condition as was described by the witnesses would have rendered the steps dangerous to those passing over them. This was one of the material questions in the case, and it appears to us that to permit the witnesses to testify that these steps were not dangerous, which is, in effect, what was done, was invading the province of the jury. It must be admitted that it is often a difficult question to determine when a witness is testifying to a fact and when to a conclusion, but we think these questions called for a conclusion, and were therefore improper. As bearing upon this question, see *Barnes v. Incorporated Town of Newton*, 46 Iowa, 569; *Houston v. Brush* (Vt.) (29 Atl. Rep. 381); *City of Parsons v. Lindsay*, 26 Kan. 426; *Village of Fairbury v. Rogers*, 98 Ill. 554.

VI. Instructions 4 and 14, given by the court on his own motion, are complained of. They are as follows: "(4) A traveler has a right to assume that the city has done its duty in regard to its streets, and if

injured by defects and obstructions, of which he has no notice, while traveling along the street in an ordinary manner, and in the exercise of due care, he is not guilty of contributory negligence, unless the defect or obstruction is one requiring unusual care or diligence, as you will be hereinafter instructed. Usually, all that can be required of a party is ordinary care to avoid injury." "(14) If the jury believed from the evidence that the place where the accident in question occurred, was necessarily more dangerous than the ordinary streets and sidewalks, and that, by the exercise of ordinary care and prudence, this condition of things could have been known to the plaintiff, or was known to her, then she was required to use more than ordinary care and caution to avoid the accident; and if she failed to do so, and thereby contributed to the injury, she cannot recover in this suit." It is said that these instructions are erroneous, in that they required of plaintiff, under certain circumstances, the exercise of more than ordinary care. It is also claimed that they are in conflict with instruction 13, given by the court, wherein the law is clearly laid down that plaintiff was bound to exercise ordinary care, only. It seems to us that these claims are well founded. In one of the instructions quoted, the jury are plainly told that, under certain circumstances, plaintiff "was required to use more than ordinary care and caution to avoid the accident"; and, if she failed to do so, she could not recover. We understand the rule in such cases to be that the injured party is held only to the use or exercise of ordinary care and prudence. What will constitute such care and prudence in a given case must depend upon all of the circumstances surrounding the accident. But in all such cases the degree of care is the same,—ordinary care,— no matter though the circumstances surrounding the accident may require more watchfulness and caution

than might be required, under other circumstances, to constitute ordinary care. In other words, a traveler is only bound to the exercise of ordinary care, though he may know the way is more than ordinarily dangerous. In such a case, however, when we come to determine what acts, or omissions to act, of an injured party, would amount to ordinary care, we take into consideration all of the facts surrounding the accident; hence, though the degree of care to be exercised is always the same in such cases, the elements which go to make up or constitute such degree of care may be, and often are, different. A greater degree of caution and watchfulness as to surroundings is necessary in some cases to constitute ordinary care than is necessary in other cases. It seems to us that, while the judge had in mind the correct rule, it was so expressed as to require a greater degree of care on part of the plaintiff than the law demands. This question will be found considered in the following cases: *Stier v. City of Oskaloosa*, 41 Iowa, 357; *Hall v. Town of Manson*, 90 Iowa, 588 (58 N. W. Rep. 881).

VII. In the twenty-first paragraph of the charge to the jury, the court said: "You are instructed that if you find that the injury sustained by the plaintiff was produced by two causes, namely, the slant of the step in question, and a coating of ice thereon, the result of the storm of the night before, the latter being a cause for which no one was responsible, the plaintiff cannot recover, unless she has shown by a preponderance of the credible testimony that the slant of the step was the real cause of the injury, and but for which it would not have happened; neither can a recovery be had if it is equally as probable that the injury came from the one cause as from the other." This paragraph is assailed, as not being a correct statement of the law. If the jury found that the injury was produced by two causes,

and, if they further found that the accumulation of ice was so recent and under such circumstances as that the defendant was not responsible therefor, it necessarily follows that recovery, if had at all, must be based entirely upon the slant or slope of the step, as being the real cause of the accident. Such was the effect of the instruction, and it appears to us to have stated the law correctly, and to have been fully warranted by the facts. The instruction, in effect, follows the rule in New York, which is thus stated: "When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible, the municipality is liable, provided that the injury would not have been sustained but for such defect. *Ring v. City of Cohoes*, 77 N. Y. 88; *Taylor v. City of Yonkers*, 105 N. Y. 202 (11 N. E. Rep. 642); *Ayres v. Village of Hammondsport*, N. Y. App. (29 N. E. Rep. 265).

VIII. Many other questions are argued. We have carefully examined all of them, and discover no errors except those heretofore mentioned. Counsel for appellee urge that the errors we have found are without prejudice, because in any event, under the evidence, the verdict must have been for the city. In view of another trial, it is not proper for us to comment on the evidence. We may say, however, that, as we view it, we should not be justified in holding that the errors we have pointed out were without prejudice. Appellant asks that the costs of the transcript be taxed to the appellee. The motion will be overruled. The judgment below is REVERSED.