Johnson, J.
The first ground upon which the judgment is attacked is that the demurrer to the second amended petition should have been sustained. It will be observed that the averments of this pleading show that the cut in the public road was made and the bridge constructed by the railroad company about thirty years prior to the date of the accident. The bridge was erected long prior to the passage of the statutes regulating the construction of railroads across highways, above or below grade, and providing for the rights and duties of the company with reference to them. During this period the company and its predecessor maintained the bridge.
Plaintiff in error urges that the case of Comrs. of Hardin County v. Coffman, Admx., 60 Ohio St., 527, declares the principle which should control here. In that case it is held that the commissioners are bound to the exercise of ordinary care to keep the bridges under their control in a safe condition for all usual and ordinary modes of travel and transportation of property over them; but that ordinary care does not require them to anticipate that a bridge will be used in an unusual and extraordinary manner, of be subjected to an unusual or extraordinary burden involving peculiar danger, nor are they liable for an injury *240 resulting from such use. In the case referred to the bridge was broken down by a traction engine which was propelled over it by steam and which was drawing a water tank upon which the deceased was riding. It was held that the use was unusual and not such as the commissioners were required to anticipate. In this case the allegations of the pleading in question are to the effect that the plaintiff and his family were traveling in the usual and ordinary mode and that the accident happened by reason of the defects in the structure, which are specifically set forth. We cannot agree with the contention that the petition shows that the coming in contact by the horse with the banister was so unusual or extraordinary as not to be anticipated.
When the defendant company, or its predecessor, found that it was necessary and, therefore, determined to construct a bridge over the cut which it made in and under the Nickel Plate road, as averred in the amended petition, and undertook to maintain it, it was its duty to erect a bridge and approaches which were reasonably safe for the transportation of persons and vehicles over them and to keep them in a safe condition for all the usual and ordinary modes of travel. It being alleged that these duties were not complied with and that the injury to plaintiff’s decedent was caused by the failure of the defendant in that behalf, it follows that the demurrer to that pleading was properly overruled.
It is also contended by the plaintiff in error that the trial court erred in overruling its motion at the conclusion of the plaintiff’s evidence, and at the *241 conclusion of all of the evidence, to direct a verdict in its favor. It is argued in support of this contention that even if it were shown by the weight of the evidence that the defects in the bridge and the banister existed as alleged, still sufficient appeared from the testimony to show that these defects were not the proximate cause of the injury, but that the fall of the horse was such cause. It is said that if Helber’s horse had not fallen against the banister the injury would not have occurred.
Authorities are cited in the briefs of counsel on the familiar question as to what constitutes proximate cause. There is no substantial difference between them, and it may be said generally that the proximate cause of a result is that which in a natural and continued sequence produces the result and without which it would not have happened. The fact that some other cause operated with the negligence of a defendant in producing an injury does not relieve him from liability, where such other cause would not have produced the injury but for the defendant’s negligence. The court in its charge fairly gave to the jury the rule which should govern them in the disposition of that question.
The issues of fact were determined by the jury whose finding has been affirmed by the courts below. It is sufficient here to say that there was substantial testimony tending to 'show that the banister was weak, rotten and wabbly, and had been for several years; that the railroad company had been requested to put in new guardrails; that *242 the horse was properly hitched, carefully driven and sure-footed. The testimony of Mr. Helber was that "not much of the weight of the horse hit the banister” at the time it gave way and by reason of which the deceased lost her life.
It is contended by the plaintiff in error substantially that the railing or banister of a bridge is constructed as a guide and reasonable protection to prevent one traveling over the bridge from driving off the sides. We think that the duty of the railroad company in the circumstances of this case is not so limited. The company had, on its own initiative, erected and maintained this bridge as a substitute for a safe and convenient wagon road which had been previously provided for the public use. When it did so, it was under the obligation to make every reasonable provision for the safety of the public. To this end, it would seem to be clear that, when the defendant erected the bridge in question, under the circumstances set forth, it was its duty to erect and maintain substantial rails or banisters thereon, and if the injury resulted from a defective banister this was the proximate cause notwithstanding the fact that there may have been some preliminary stumbling of the horse, by reason of which he came in contact with the defective banister, provided the jury believed that such contact was of the character and occurred in the manner described by plaintiff and that plaintiff’s decedent was without fault.
In Walrod v. Webster County, 110 Ia., 349, the plaintiff was thrown from a bridge and injured. Railings were erected on both sides of the ap *243 proach, which, in consequence of neglect arid the action of the elements, were out of repair and insecure. One of the horses became frightened at' a flash of lightning, settled back in the harness and was pushed by the other horse against the defective railing, which gave way. It was held that an instruction that if the accident would not have happened if there had been a proper railing on the bridge, then the defective railing was the proximate cause of the injury, but that if the accident would have happened had the railing been sufficient, then the railing was not the proximate cause of the injury, and plaintiff could not recover, was proper. The court say: “Or as stated in Gould v. Schermer, 101 Iowa, 582: ‘The mere fact that some other cause operates with the negligence of the defendant to produce the injury does not relieve the defendant from liability. His ' original wrong concurring with some other cause, and both operating proximately at the same time in producing the injury, makes him liable, whether the other cause was one for which the defendant was responsible or not.’ ” Among the authorities sustaining this rule are Hey v. Philadelphia, 81 Pa., 44, 50; Ring v. City of Cohoes, 77 N. Y., 83; Simons v. Tp. of Casco, 105 Mich., 588; and Palmer v. Andover, 2 Cush., 600.
In Faulk v. Iowa County, 103 la., 442, it is said: “While the corporation should not be held responsible for the failure to provide a railing which would successfully withstand all pressure which could be applied by such means, yet it may well be held liable for the failure to provide against *244 the pressure which the jury may rightly have found was applied in this case. In other words, the occurrence in question was not of such an unusual character that it was not the duty of the defendant to provide against it.”
In Hendry v. North Hampton, 72 N. H., 351, 353, it is said: “The contention of the defendants, that because the hole in the road gave to the plaintiff the impetus which carried her over the unrailed and dangerous embankment, therefore the hole — not the unrailed embankment — was as a matter of law-the cause of her injury, is best answered by the authorities, which are so conclusive against the defendant’s contention, at least in this jurisdiction, that to enter upon a discussion of the question would be a work of supererogation.”
In Ivory v. Town of Deerpark, 116 N. Y., 476, the cause of the plaintiff’s complaint was that the defendant failed to provide any barrier along the highway at the place of the accident for the protection of travel. The defendant claimed that the absence of the barrier was not the proximate cause of the injury and that this cause was that the horses were beyond the control of the plaintiff. The court held that there was no error in the refusal of the court to charge that unless the jury could say from the evidence that the accident would have occurred had the horses been going at an ordinary rate of speed or were under control, the defendant was entitled to a verdict, while in case the horses were beyond the control of the plaintiff such fact may have been the proximate *245 cause of the injury, it did not, provided the plaintiff was free from fault, relieve the defendant from liability for the injury to the plaintiff as a consequent result from the negligence of the defendant. In that case there would be two proximate causes of the accident and the responsibility would rest with the defendant if one of such causes was attributable to the fault of the commissioners.
It is further urged by plaintiff in error that the trial court erred in permitting the introduction of the second amended petition and the amendment thereto in evidence. Plaintiff’s counsel, having read to the jury a stipulation by the parties as to what certain witnesses would testify to with reference to the condition of the roadway at the point of the accident, to the competency of which defendant’s counsel objected, also offered in evidence the pleadings referred to. This was permitted over the objection of defendant’s counsel. The pleading of a party in a cause is not admissible in evidence to prove its allegations. The correctness of this proposition would seem to be so manifest as to render the citation of authorities wholly unnecessary. Courts have, however, been called upon to announce it. Green v. Morse et al., 57 Nebr., 391, 77 N. W. Rep., 925; Bell v. Throop et al., 140 Pa., 641. Of course, in a proper case a pleading of one party may be introduced by his adversary to prove admissions made by him or as impeaching statements made by him. The pleadings referred to were, as is usually and properly done, sent to the jury in their consultation room. The court in its charge used the following lan *246 guage: “These pleadings of the parties, that is, the second amended petition and the amendment thereto, the answers of the defendant and the reply of the plaintiff to the second defense therein will be before you in the jury room and you may examine them, but except as to the admissions contained therein, to which I have heretofore called your attention, and except as to the allegations therein referred to in the stipulation of counsel as to what certain witnesses would testify to if present in court testifying, they are not evidence in this case and you must not so consider them.” While we regard the introduction of these papers in evidence as clearly erroneous, yet in view of the state of the record as above shown and also of the state of the proof as to all the material issues in the case, we do not find that their admission was prejudicial.
Plaintiff in error also complains that the trial court charged the jury that “at least three-fourths or nine of your number must agree before you can render a verdict.” The court evidently entertained the view that Section 11455, General Code, as amended February 6, 1913, effective May 14, 1913, which was passed pursuant to Section 5 of Article I of the Constitution, as amended September 3, 1912, applied at the time of the trial, which was after the statute referred to became effective. The action was begun, however, on January 23, 1912.- It was decided in Elder et al. v. Shoffstall, 90 Ohio St., 265, that the amendment referred to does not apply to causes pending in the courts of common pleas on the 13th of May, *247 1913. The direction of the court was, therefore, erroneous.
The verdict of the jury, after finding the issues in favor of the plaintiff and assessing the amount due, contained the following: “And we do so-
render our verdict upon the concurrence of twelve members of our said jury, that being three-fourths or more of our number. Each of us said jurors concurring in said verdict signs his name hereto this twenty-first day of May, 1913.” It is, therefore, clear that the erroneous instruction of the court with reference to the matter did not work • any prejudice to the rights of the defendant. The presumption is that as each juror signed and joined in the verdict he did so because it expressed his judgment, acting under his oath.
We have carefully considered the other assignments of error and we do not find any prejudicial error in the record. The judgment will, therefore, be affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker and Matthias, JJ., concur.
Jones, J., not participating, having sat in the court below.