MARTIN v. DAVIS *et al.*

**Attachment:** INTERVENTION: BURDEN OF PROOF: INSTRUCTION. In an action by attachment, a prior purchaser of the property intervened, and the only issue upon which the cause was tried was whether the intervenor's purchase was or was not in fraud of the vendor's creditors. No question was made as to who had the burden of proof, and no instruction. was asked on that point. The court instructed the jury that to entitle intervenor to a verdict he must show by a preponderance of the evidence that he was the owner of the property; also that, whether the intervenor was the owner, was dependent upon the validity of his purchase, and if he bought with intent to defraud the creditors of his vendor, the sale was invalid. *Held* that, since these instructions stated the law correctly, and did not in terms state that intervenor had the burden to prove his good faith in the purchase, and since, as the case was tried, the material question was fairly submitted to the jury, a reversal ought not to be had upon the ground that the court laid upon intervenor the burden of proving his good faith. If he desired a definite instruction on that point he should have asked for it.

*Appeal from Monroe District Court.*—HON. C. H. LEWIS, Judge.

FILED, DECEMBER 19, 1888.

ACTION at law. Trial by jury; verdict and judgment for plaintiff, and intervenor appeals.

*C. E. Underhill,* for appellant.

*McMillen & Kindall,* for appellee.

SEEVERS, C. J.—It is sufficient to state that the plaintiff caused certain personal property to be levied upon by virtue of an attachment against the defendant. The intervenor appeared, and pleaded that he purchased the property of the defendant prior to the levy, and that it belonged to him. In answer to the petition of intervention, the plaintiff pleaded that the purchase of the property by the intervenor was made for the purpose of hindering and delaying the creditors of the defendant, and was therefore fraudulent.

Because it is not stated in the abstract that all the evidence is contained therein, we are required to determine only a single assignment of error. After stating

the issue, the court charged the jury as follows: "The vital question for you to determine is, who was the owner of the property mentioned in the petition of the intervenor at the time of the attachment thereof, to-wit, December 15, 1886? The intervenor Hubbard must show by a preponderance of the evidence—that is, by the greater weight of the credible evidence herein—that he was the owner, to entitle him to your verdict. If he (the intervenor) has thus shown that he was the owner, then intervenor is entitled to your verdict. (2) Whether intervenor was the owner is dependent upon the validity of the alleged purchase by Hubbard. If Hubbard bought the property in good faith, and paid therefor, and had no intent to cheat or defraud the plaintiff Martin, or other of the creditors of Davis, then the sale is valid. If Hubbard did not make the purchase in good faith, if he bought it with intent to defraud Martin or other of the creditors of Davis, then the sale is invalid." Conceding that the assignment of error is sufficiently specific, counsel for the appellant contends that the foregoing instruction casts upon him the burden to establish that he purchased the property in good faith, and is therefore erroneous. The evidence tended to show that the intervenor had possession of the property at the time it was levied upon, but he did not rely exclusively on such possession. In making out his case, the intervenor introduced evidence tending to show that he had purchased of and paid the defendant for the property prior to the levy of the attachment, and there is nothing in the record which indicates that it was made a material question on the trial which party had the burden. Indeed, we feel warranted in concluding from the record that the only material question on the trial was whether the intervenor purchased the property in good faith, or whether such purchase was fraudulent. The question who had the burden was practically ignored by the parties and the court. It will be observed that the charge does not in terms state which party had the burden, and it states the law correctly, but it possibly does not go far enough. As the case was tried,

however, it fairly presented to the jury the material question to be determined. Under the circumstances, it cannot be said that error affirmatively appears. If the intervenor deemed it important to have the jury instructed as to which party had the burden of proof, he should have asked an instruction to that effect.

AFFIRMED.