ELIZABETH LEIPIRD v. JOHN P. STOTLER, Appellant.

**Evidence:** TRANSACTION WITH DECEDENT. The plaintiff, who sues a husband on a note made by his dead wife, may, notwithstanding, Code 3639, testify to a statement which she heard the wife make to the husband.

**ADMISSIBILITY.** Evidence of the amount of property and money which defendant's deceased wife had at the time of her marriage, is admissible in an action on a note executed by the decedent, in connection with other evidence, that she died within eighteen months after her marriage, and had no unusual expenses during such period.

**HARMLESS ERROR.** Admission of evidence which is simply a statement of a conclusion, which is manifestly the correct one to be drawn from an entire conversation to which the witness has previously testified, is not prejudicial error.

**Re-examination.** In an action against the surviving husband of a deceased sister, on her note, where plaintiff has testified that her mother was worth three thousand dollars when she died, and that defendant's wife received nearly all of it, she may, after cross-examination as to her means of knowledge, testify that on the death of her mother, her heirs approximated her estate at three thousand dollars, though defendant was not present when the approximation was made.

**Practice.** Admission of evidence on the theory that it will be followed up with other testimony which will make it all material and competent, is not cause for reversal, although no such testimony is introduced, where no further ruling on the question is asked.

SAME. It is not error to refuse to strike out an answer where no reason appears for a failure to object to the question which elicited the answer.

*Appeal from Cedar District Court.*—HON. J. H. PRESTON, Judge.

MONDAY, FEBRUARY 3, 1896.

ACTION at law to recover from the defendant the amount of a promissory note executed by his wife prior to her death, and upon account for work and labor performed by plaintiff at defendant's instance and request. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Wheeler & Moffit* and *R. G. Cousins* for appellant.

*Charles W. Kepler* for appellee.

DEEMER, J.—The action is brought to recover from the defendant the amount of a promissory note executed by his wife in her lifetime, and which, it is alleged, has been lost and stolen since the decease of the wife, and for certain work and labor performed by plaintiff as housekeeper for defendant since the death of his wife. It is alleged that the defendant's wife died possessed of a large amount of money, notes, household and kitchen furniture, and a large amount of other property, aggregating in value the sum of five thousand dollars; that no administration was had upon her estate, but that defendant took possession of all of said property, and converted it to his own use. And it is further averred that, after the death of his wife, defendant promised and agreed to pay his wife's note. In the second count of the petition, plaintiff alleged that she performed work and labor for defendant, at his instance and request, from August 16, 1889, up to the middle of November, 1889, the reasonable

value of which was seventy-five dollars. The defend-
ant, in answer, states, on information and belief, that
some such note as plaintiff describes was executed by
his wife during her lifetime, but states that he never
saw it, and denies liability thereon; admits that no
administration has been had on his wife's estate, and
avers that she had no property at the time of her
decease, save two lots in the town of Mt. Vernon,
which were sold by his wife's heirs, and a few house-
hold goods, furniture, and piano, which are exempt to
defendant, as surviving husband; denies that his wife
left a large amount of property, and avers that he
received no part of the consideration for the Mt. Ver-
non lots, and denies that he has converted any prop-
erty, owned by his wife, to which he was not legally
entitled; denies that he promised to pay the note, and
denies liability on such a promise, even if made. He
further avers that he paid the doctor's bills and fun-
eral expenses for his wife, and since her death has
erected a monument to her memory, and that these
expenses largely exceed the amount of the property
left by her. And he asks that, if any property of his
wife be found subject to execution, the action be
abated until administration be had of her estate. The
defendant denied *in toto* plaintiff's claim for services,
and said that her services were rendered as a mere
gratuity, and that he had already paid her, in money,
and property, and house rent, more than her services
amounted to. He also, in an amendment to his
answer, denied the execution of the note by his wife.
The plaintiff, in reply, admitted having received from
defendant the sum of thirty dollars, and further
pleaded that she indorsed the same upon the note
given her by his wife. These were, in substance, the
issues on which the case was tried, and the jury found
a verdict for plaintiff for the sum of two hundred and
twenty-four dollars and forty-five cents. The note on

which the action is bottomed, was for two hundred dollars, and was executed some time in May, 1888, and drew eight per cent. interest from that date. The appellant concedes that there is a hopeless conflict in the evidence, and that there is sufficient, if believed by the jury, to warrant the verdict returned. His complaint is of the rulings made by the court during the progress of the trial. The instructions given by the court are not assailed in argument, and we may observe, in passing, that they are even more favorable to the defendant than he was entitled to.

I. The plaintiff testified that after the death of defendant's wife, who was her sister, she lost the note, which is the subject of the suit, after she went to work for the defendant, and that she believed the defendant had taken it; that she accused the defendant of having done so, in answer to which accusation defendant said, that "I should have every cent of my money on the note." The defendant objected to the questions which elicited this testimony, and further moved to exclude the answers, "as being incompetent and immaterial, and a verbal promise to pay the debt of another." Thereupon the court made the following record: "Motion overruled, and defendant excepts. The objection is overruled on the theory that it be followed up with other testimony to make it material and competent." This is all of the record made with reference to this testimony. It was not followed up by other testimony, but the defendant did not thereafter renew his motion, or ask for a further ruling on the motion as it then stood. That such testimony might have been produced, is quite evident. If, during the further progress of the trial, it had been shown that this promise of the defendant was made upon a new and independent consideration, to accomplish some purpose of his own—e. g., to prevent administration of his wife's

estate, to save the expense thereof, or for any other reason, which promised a benefit or advantage to him —then the promise would not be collateral. Consequently, the ruling of the court below, at the time it was made, was strictly proper, and it was the duty of defendant's counsel to call the court's attention to the fact that this promised testimony had not been forthcoming. As they did not do this, there was no error.

II. Defendant complains of the ruling of the court in allowing plaintiff to testify as to certain conversations had by her, with her sister before her death. He insists that such conversations were inadmissible, under section 3639, of the Code.* We think this complaint is based upon a misapprehension of the record. The plaintiff undertook to detail a statement she heard her sister make to her husband (the defendant), to the effect that she wished defendant to give plaintiff a home. Plaintiff had no part in this conversation, according to the record. Such testimony does not come under the ban of the statute. Even if it did, and its admission was error, it was clearly error without prejudice, for it could not have affected the result in any manner.

III. Complaint is made of the rulings of the court in allowing certain witnesses to testify as to the amount of property and money Mrs. Stotler had when she married the defendant. In view of other evidence showing, or tending to show, that the wife died within eighteen months after her marriage to the defendant; that she lived with Stotler as the ordinary housewife, and had no unusual or extraordinary expenses, but, on the contrary, was receiving considerable sums of money during her married life—we think the testimony was clearly admissible.

---

* Code, section 3639, prohibits the examination of any person interested in an action, as to any communication or transaction had with a person then deceased.

IV. Plaintiff testified upon her examination in chief, that her mother, when she died, was worth about three thousand dollars, and that the defendant's wife received all, or nearly all, of her mother's property. On cross-examination she was pursued quite closely by defendant's counsel as to her means of knowledge. On re-examination she was permitted to testify, over defendant's objection, that after the mother's death the heirs met, and approximated the value of the property she left, at three thousand dollars, and that it was agreed between them that the defendant's wife should receive all the property, provided, she would pay plaintiff two hundred dollars. This last testimony was objected to because the settlement and approximation were not had in the presence of the defendant. The objection was clearly untenable, because the evidence was proper, as showing the witness' knowledge of the amount of property the mother left. The cross-examination laid the foundation for such an inquiry, and the error assigned on the admission of the testimony is without merit.

V. A witness was allowed to testify in chief for appellee, as to what the defendant meant by a certain statement made by him. No objection was interposed to the question which elicited the testimony until after the answer was given, and a motion was then made to strike the answer out, because incompetent and immaterial. No reason is given for not interposing the objection to the question when asked. If counsel concluded to take his chances on a favorable answer, and for this reason did not interpose an objection when the question was asked, he cannot afterward be heard to complain. But without determining whether this presumption should be indulged, in view of the condition of the record, it is enough to say that, even if the motion to

strike should be overruled, the answer was clearly without prejudice, for it was simply a statement of a conclusion which was manifestly the correct one to be drawn from the entire conversation, which had previously been testified to by the witness. We have examined the assignments of error which counsel have seen fit to present in argument, and discover no prejudicial error, and the judgment is AFFIRMED.