## CLAUD D. WALROD V. WEBSTER COUNTY, Appellant.

**Personal Injuries:** TEAM: *Evidence.* In an action for personal injuries caused by the breaking of a defective railing on a bridge by a team of horses pushing against it when frightened by lightning, but alleged to be under control, it was not error to permit a witness to testify that some months after the accident the team rendered him first class service.

**Proximate Cause;** DEFECT IN BRIDGE: *Instructions.* In an action against a county for injuries caused by the breaking of a defective railing on a bridge, it appeared that one of plaintiff's horses became frightened at a flash of lightning, and settled back in the harness, and was pushed by the other horse against the railing, which gave way. *Held*, that an instruction that, if the accident would not have happened had there been a proper railing on the bridge, then the defective railing was the proximate cause of the injury, but that, if the accident would have happened had the railing been sufficient, then the railing was not the cause of the injury, and plaintiff could not recover, was proper.

**Impeachment:** AFFIDAVITS. Affidavits, signed by witnesses, which were at variance with their testimony, were admissible on cross-examination to impeach them.

**Objections:** *Motion to strike evidence.* Where there was no objection when offered, and no reason given for not interposing an objection at that time, a motion to strike was properly overruled.

IN LUMP. Where parts of certain affidavits were admissible in evidence, an objection to the whole should be overruled.

STATING ISSUES. That all the matters pleaded in an answer were not specifically referred to by the court in stating the issues was not error, where other parts of the charge clearly and fully covered all the issues presented.

*Appeal from Wright District Court.*—HON. B. P. BIRDSALL, Judge.

### THURSDAY, JANUARY 25, 1900.

ACTION at law to recover damages for injuries sustained by plaintiff in being thrown from a county bridge. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Wm. T. Chantland* and *Duncombe & Kenyon* for appellant.

*Botsford, Healy & Healy* for appellee.

DEEMER, J.—Between the hours of 12 o'clock midnight and 1 o'clock A. M. of March 8, 1897, plaintiff was thrown from a county bridge in the defendant county, in consequence of his team going off the south approach thereto. Railings were erected on either side of the approach, something like twelve years before the accident, which, in consequence of neglect and the action of the elements, became out of repair, insecure, and insufficient to meet the purposes intended. The approach from which plaintiff fell was about twenty-two feet long, and the railings were each supported by three posts, the first of which was two and one-half feet from the main pier, the second near the middle of the railing, and the third at the end thereof. Plaintiff was driving a team over the bridge, and when near the north or bridge end of the approach the off horse became frightened by a flash of lightning, and, squatting and setting back in the harness, was guided or pushed by the near horse towards the left or east side of the approach, and against the railing, which gave way, and precipitated the horses and driver over the side of the approach, down to the ground beneath, resulting in the injuries of which plaintiff complains. The evidence tended to show that the horses were not seriously frightened, and were at no time beyond the control of the driver; that they were both on a walk until they went over the side of the approach; and that the sleigh in which plaintiff was riding, and to which the team was attached, traveled from sixteen to twenty feet from the main-traveled track to the point where it went over the approach. No question is made as to the extent of the injuries, and there is no serious dispute regarding the condition of the railing. Contributory

negligence is not claimed, and there is no doubt that defendant had knowledge of the condition of the bridge and of the approach. Defendant's main contention is that the defects in the railing were not the proximate or efficient cause of the accident, and that the court was in error in submitting the case to the jury, and in refusing defendant's instructions to the effect that the lightning, and not the defect in the bridge, was the proximate cause. The jury was plainly told that the county was not an insurer against all accidents that might happen upon its bridges; that it was only bound to maintain its bridges and approaches thereto in reasonably safe condition for the ordinary uses to which the same were subject, and was not required to provide for extraordinary emergencies; and that defendant was not guilty if it maintained the railing in the condition required; and was not liable if it were negligent in respect to the railing, unless plaintiff also showed that the accident would not have happened had the bridge been in the condition required. The court further instructed that, if the accident would have happened had the railing been in proper condition, then plaintiff could not recover. The question of proximate cause was left to the jury under these instructions, with the further admonition that they should consider all the evidence in the case relating to the manner in which the accident occurred, how the horses came against the railing, the speed at which they were going, and the force brought against the barrier, and all the other evidence in the case that would aid them in determining the questions submitted. Defendant does not claim that these instructions are faulty in so far as they state abstract propositions of law, but it claims that they are erroneous as applied to the facts, because the real and efficient cause of the injury was the flash of lightning, which caused the horses to jump against the railing, and not the defective condition of the bridge. If the flash of lightning was the proximate cause, then defendant

was not responsible. What is the proximate cause of an injury is often a troublesome and perplexing question. Many definitions are given, but, like definitions of reasonable doubt, they tend to obscure rather than to enlighten. It has been defined to be "the efficient cause," "the direct cause," "the cause that set another or other causes in operation," "the dominant cause," and "that cause which set the other in motion, and gave to it its efficiency for harm at the time of the disaster." But as said by Justice Miller in *Insurance Co. v. Tweed,* 7 Wall. 52 (19 L. Ed. 65): "If we could deduct from the cases the best possible expression of the rule, it would remain, after all, to decide each case largely upon the special facts belonging to it, and often upon the very nicest descriminations." Had the evidence shown, as defendant claims, that the horses were frightened and jumped upon the railing, it may be that the case should not have gone to the jury. See *McClain v. Town of Garden Grove,* 83 Iowa, 235 (12 L. R. A. 482). However, we express no opinion on this point, for the reason that the evidence tended to show that the team gradually veered from the main-traveled track against the barrier, and did not jump or fall against it. The off horse was frightened by the lightning, and settled back in his harness. This caused the near horse to pull the load, and the team and vehicle to deviate from its course, and after traveling for some distance at a comparatively slow rate of speed, to come in contact with the railing of the bridge. Now, the court said, in view of this state of facts, that, if the jury found the accident would not have happened had there been sufficient barriers, then the defective barrier was the proximate cause of the injury, but, if they found that the accident would have happened had the barrier been not defective, then the defective railing was not the cause of the injury, and plaintiff could not recover. These instructions announced the rule correctly, and there was evidence in their support. True it is that the accident would not have happened, even under plaintiff's version, had

it not been for the flash of lightning; but the jury may well have found that it would not have occurred had it not been for the defective condition of the railing. When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate,—the one being a culpable defect in the highway, and the other some occurrence for which neither is responsible,—the municipality is liable, provided the injury would not have been sustained but for such defect. *Langhammer v. City of Manchester*, 99 Iowa, 295. Or as stated in *Gould v. Schermer*, 101 Iowa, 582: "The mere fact that some other cause operates with the negligence of the defendant to produce the injury does not relieve the defendant from liability. His original wrong concurring with some other cause, and both operating proximately at the same time in producing the injury, makes him liable, whether the other cause was one for which the defendant was responsible or not." See, also as sustaining the rules, *Faulk v. Iowa County*, 103 Iowa, 442; *Pratt v. Railway Co.*, 107 Iowa, 287; *Baldwin v. Turnpike Co.*, 40 Conn. 238; *Hunt v. Town of Pownal*, 9 Vt. 411; *Hey v. City of Philadelphia*, 81 Pa. St. 44; *Ring v. City of Cohoes*, 77 N. Y. 84; *Perkins v. Inhabitants of Fayette*, 68 Me. 152; *Campbell v. City of Stillwater*, 32 Minn. 308 (20 N. W. Rep. 320); *Palmer v. Andover*, 2 Cush. 600; *Houfe v. Town of Fulton*, 29 Wis. 296.

II. The contention that the verdict is contrary to the twenty-sixth and twenty-eighth instructions is answered by what is said in the first paragraph of this opinion, and need not be further considered. Error is assigned on the failure of the court to fully state the issues to the jury. It is contended that certain defenses pleaded by the defendant were not stated. It is true that many of the matters pleaded in answer were not specifically referred to by the court in stating the issues. But in other parts of the charge all the matters pleaded by defendant were fully

and explicitly covered. It is not necessary that all of the issues be presented in the formal statement of the issues. It is enough if they are all fairly and sufficiently presented in other portions of the charge. *Siltz v. Insurance Co.* 71 Iowa, 710; *Hall v. Carter,* 74 Iowa, 364. Much of the matter pleaded by defendant in answer was either conclusions of law or statements of fact that it intended to prove, rather than of ultimate facts that were defensive in character; and, as the court fully submitted all the issues tendered by the pleadings, there was no error of which defendant may justly complain.

III.   A witness was permitted to state, over objections made by defendant, that some months after the accident the team that went over the bridge rendered him 'first-class service in every respect. It is claimed that this evidence was inadmissible, for the reason that it related to the character and disposition of the team after the accident occurred. There are several sufficient answers to this contention: *First,* another witness had theretofore testified, without objection, to being with the team on the same night that the former witness testified regarding, and that the team did all right; *second,* if the evidence was inadmissible, there was no prejudice, for there is nothing in it to indicate the character or disposition of the team at that time; and, *third,* when the character or disposition of a team is in issue, evidence as to its habits both before and after the accident is admissible. *Whitney v. Leominster,* 136 Mass. 25; *Maggi v. Cutts,* 123 Mass. 535.   Certain affidavits purporting to have been made, one by a man named Parnum, and another a joint one by Emmons and Condon, were admitted in evidence. Parnum and Condon were witnesses for the defendant, and testified regarding the condition of the bridge. On cross-examination their attention was called to statements in their affidavits materially at variance with their testimony while on the witness stand. Each of these witnesses admitted having signed the

affidavits, but claimed that they did not correctly state the facts. The affidavits were offered in rebuttal for the purpose of impeaching the witnesses who made them. When offered, no objection was interposed; but, after they had been read and incorporated into the record, defendant moved to strike the same. The motion was sustained in so far as the affidavits purported to be made by Condon, and was otherwise overruled. Manifestly, these affidavits, or at least those parts of them which contained statements at variance with the witnesses' evidence while on the stand, were properly admitted in evidence for impeaching purposes, and the motion was properly overruled. But, if wrong in this, there was no error in the ruling, for the reason that no objection was tendered when the evidence was offered, and no reason is given for not interposing the objection when the evidence was offered. *Leipird v. Stotler,* 97 Iowa, 174; *State v. Marshall,* 105 Iowa 38. Again, as parts of the affidavits were admissible in evidence, an objection to the whole thereof was properly overruled. *Puth v. Zimbleman,* 99 Iowa, 647; *Brothwell v. Farwell,* 74 Iowa, 324. There is no prejudicial error in the record, and the judgment is AFFIRMED.

GRANGER, C. J., not sitting.