T. E. Murphy, Appellant, v. M. M. Wolfe, Appellee.

**BROKERS:** Ability to Purchase. Principle reaffirmed that, "to be
1　able" to purchase, one must have the *cash* necessary to meet cash payments, and be in a financial condition to secure all deferred payments.

**TRIAL:** Instructions—Burden of Proof. It is not error to fail to in-
2　struct as to which party has the burden of proof, when no instruction to that effect is requested.

*Appeal from Johnson District Court.*—Ralph Otto, Judge.

June 23, 1922.

Action at law, to recover a commission for finding a purchaser for a farm. Verdict and judgment for defendant, and plaintiff appeals.—*Affirmed*.

*Bailey & Murphy,* for appellant.

*Messer, Clearman & Olson,* for appellee.

Stevens, C. J.—I. The undisputed facts in this case are that appellee owned a farm consisting of 255 acres, in Muscatine County, which he listed with appellant, who is in the real estate business at Iowa City, in May or June, 1919, for sale at $150

per acre, upon terms of payment fully specified; that, on July 25th, appellant showed the farm to one Campbell, a prospective purchaser, who offered an exchange of other property for the farm, which offer appellee declined; that later, upon notice from appellant, appellee went to Iowa City, where he met Campbell, who expressed a willingness to purchase the farm at the price and upon the terms specified; but, before a contract was entered into, negotiations were broken off, because appellee demanded $165 per acre for the farm. The parties further agree that appellee, prior to the meeting at Iowa City, which was in the early part of August, 1919, notified appellant that he had raised the price of his farm to $165 per acre; but appellant testifies that appellee agreed that, as the price of the farm was $150 per acre when it was shown to Campbell, an exception would be made in his favor. Appellee denies that he agreed that Campbell might have the farm at $150 per acre, and testified that the increase in price was absolute, and applied to Campbell as well as to any other prospective purchaser. Appellant further testified that, at the time appellee notified him of the increase in price, he told appellee that he was sure Campbell would take the farm. Appellee, however, testified that what appellant told him was that he did not think Campbell would have bought the farm anyway.

Appellant offered evidence to show that Campbell was able to purchase the farm at the price and upon the terms specified. At the time, he had about $1,000 in a bank, and a note for $2,000, which he had offered to sell to a local bank, and

1. BROKERS: ability to purchase. which he claimed the bank was ready and willing to purchase. The court, in the sixth paragraph of. its charge to the jury, defined the term ''to be able'' to purchase the farm. Complaint is made of this instruction, which we do not deem it necessary to set out. The exception cannot be sustained. The instruction is in strict harmony with the law, as previously and repeatedly announced by this court. *Jones v. Ford*, 154 Iowa 549; *Reynor v. Mackrill*, 181 Iowa 210; *Crow v. Casady*, 191 Iowa 1357.

II. The court placed the burden upon the plaintiff of proving that he found a purchaser ready, able, and willing to

purchase the farm at the price and upon the terms alleged by him in his petition. In a separate paragraph,

2. TRIAL: instructions: burden of proof.

the court further instructed the jury that, if it believed from the evidence that the . contract price had been raised to $165 per acre, and that a purchaser ready, able, and willing to buy at that price was not produced by appellant, he could not recover. The latter instruction was not excepted to.

Appellant contends, however, that the court should have placed the burden of proving the alleged change in price upon the defendant. It is true that appellee in his answer alleged that the price had been raised from $150 to $165 per acre, and that appellant had been given due notice thereof. The court did not in its instructions place the burden upon either party to prove the change in price, nor was any instruction asked upon this point. We have frequently held that it is not error to fail to instruct the jury as to which party has the burden of proof, where no instruction is requested to that effect. *Duncombe v. Powers,* 75 Iowa 185; *Martin v. Davis,* 76 Iowa 762; *Harvey v. City of Clarinda,* 111 Iowa 528; *Little v. Iowa S. T. M. Assn.,* 154 Iowa 440; *In re Estate of Frederickson,* 191 Iowa 315.

But, in any event, the burden was upon appellant to show by a preponderance of the evidence that he obtained a purchaser ready, able, and willing to buy the farm at the price and upon the terms given him by his principal. This the jury found he did not do. Its finding is conclusive upon the court. The record presents no ground for reversal, and the judgment of the court below is—*Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.