LINN COUNTY, IOWA, appellee, v. TOWN OF CENTRAL CITY, appellant.

No. 49003.

(Reported in 78 N.W.2d 809)

OCTOBER 16, 1956.

REHEARING DENIED DECEMBER 14, 1956.

Francis J. Pruss, of Central City, for appellant.

Willis A. Glassgow, County Attorney, John C. Eichhorn, and Bryce M. Fisher, all of Cedar Rapids, for appellee.

WENNERSTRUM, J.—The plaintiff, Linn County, instituted an action to recover $4000 from the defendant, The Town of Central City, Iowa. It was claimed the parties entered into a contract which was partly oral and written relative to street improvements and bridge approaches in the town. This claimed contract is the basis of the suit. The defendant, in its answer, asserted as one of its defenses the provisions of sections 381.9 to 381.15, 1950 Code. The statute in force at the time of the claimed contract gave authority to cities of certain size to contract indebtedness for the construction of bridges. Towns were not authorized to enter into such a contract. It was claimed under these statutes the contract entered into would be void. The plaintiff filed a motion for determination of law points, rule 105, R.C.P., claiming the contract entered into would not be void under the statutes referred to in defendant's answer. Other grounds of the motion were set forth. The trial court held there was other statutory authority under which the defendant-municipality was authorized to act in entering into the agreement but the defendant was not entitled to have the statutes heretofore mentioned constitute a defense to plaintiff's petition. Application was made to this court for the right to appeal from the interlocutory ruling made in advance of final judgment. Such permission was granted. The defendant thereafter appealed.

The plaintiff-county alleged in its petition the defendant-town, through its mayor, on February 4, 1952, sent a letter (Exhibit A of petition) to a member of the board of supervisors of the plaintiff-county which was in part, as follows:

"With the understanding that the County does the resurfacing of the County Street, the Town of Central City shall pay for one third of the fill expense (as involved with and discussed

for both ends of the New Bridge) . . . and with a maximum commitment of $4000 by the Town of Central City. * * * It is hoped that this letter of commitment will, through both the definite financial co-operation and the thus indicated assurance of need of the project, help to expedite the plans."

Thereafter on February 11, 1952, the board of supervisors of plaintiff-county passed a resolution (Exhibit B of petition) which was in part, as follows:

"Now THEREFORE, Be it resolved that the Linn County Board of Supervisors accept the proposal made by the Mayor and Town Council of Central City with the addition of the above paragraph. [Refers to type of road construction.] That a copy of this resolution be sent to the Clerk of the Town of Central City and that it will be considered as acceptable and in force by both parties unless modified within 30 days from the date of this resolution."

On August 14, 1953, the town council passed a resolution (Exhibit C of petition) which was in part as follows:

"RESOLUTION—Consenting to and approving the plans for the improvement of the extension of Secondary Road No. 499 within the (Town) of Central City, Iowa.

"WHEREAS it is proposed to improve by *Approach Construction* Secondary Road No. 499 within the (Town) of Central City, Iowa, in accordance with plans filed in the office of the Clerk of said (Town) of Central City, as follows: *Grading, Paving, Curb and Gutter in connection* with 320′ x 24′ I-Beam Structure over the Wapsipinicon River identified as Proj. No. S-2143, and [emphasis supplied]

"WHEREAS the Council has informed itself as to the proposed improvement and has examined the plans therefor,

"Now, THEREFORE Be it resolved by the said Council of Central City, as follows:

"1. The Council hereby approves the plans for said project and consents to the improvement in accordance with the plans.

"2. The Council will take such legal steps and prosecute to a conclusion such legal action and/or proceedings as are now or may hereafter be required.

"a. To legally establish the grade lines of the street in accordance with and as shown by the project plans, and to cause any damage accruing therefrom to be determined and paid pursuant to Section 389.22 et seq., Code of Iowa, 1950."

The top portion of the paper on which the foregoing resolution was set forth bore the designation: "County Linn. Project No. SN-2143."

The plaintiff also pleaded as an amendment to its petition the assertion the defendant was indebted to plaintiff for work actually done in the amount of $4953.28.

The defendant-municipality in its answer referred to a further resolution (Exhibit F of answer) of the town council dated January 30, 1952, at the top of which the designation "County Linn. Proj. No. S-2143" is set out. The resolution is in part as follows:

"Consenting to and approving the plans for the improvement of the extension of (Secondary Road 499) within the (Town) of Central City, Iowa.

"WHEREAS it is proposed to improve by Bridge Construction the extension of (Secondary Road 499) within the (Town) of Central City, Iowa, in accordance with plans filed in the office of the Clerk of said (Town) of Central City, as follows: Bridge Number 2450 - A 320' x 24' I-Beam Structure over the Wapsipinicon River identified as Proj. No. S-2143, and

"WHEREAS the Council has informed itself as to the proposed improvement and has examined the plans therefor,

"Now, THEREFORE, Be it resolved by the said Council of Central City, as follows:

"1. The Council hereby approves the plans for the said project and consents to the improvement in accordance with the plans.

"2. The Council will take such legal steps and prosecute to a conclusion such legal action and/or proceedings as are now or may hereafter be required.

"a. To legally establish the grade lines of the street in accordance with and as shown by the project plans, and to cause

1344

any damage accruing therefrom to be determined and paid pursuant to Section 389.22 et seq., Code of Iowa, 1950."

It is apparent from the resolutions made a part of the record there were two different projects. One was designated S-2143 which related to the erection of the bridge proper and SN-2143 which pertained to "* * * *Grading, Paving, Curb and Gutter in connection* with 320' x 24' I-Beam Structure over the Wapsipinicon River identified as Proj. No. S-2143."

The trial court held the defendant-municipality failed to submit the question of constructing or aiding in the construction of a bridge as provided in section 381.9 to an election as provided in section 381.10, 1950 Code, and consequently sections 381.9 to 381.15 cannot be relied on by the plaintiff. However, it further stated that defendant's failure to avail itself of the powers under these sections did not mean the municipality is deprived of all power and authority relative to bridges and streets. Attention is called to the fact that such a question shall be submitted to the qualified voters, "whenever a petition shall be presented to the council, signed by a majority of the resident freehold taxpayers thereof, * * *." Section 381.10, 1950 Code.

I. There can be no question the statutes noted (sections 381.9 to 381.15, 1950 Code) require an election to authorize expenditures therein noted. However, it is also quite apparent there is other statutory authority for the action taken by the council.

Municipalities are authorized to cause levies to be made for street grading funds. Section 404.7, 1950 Code. They have the power to establish grades and to provide for the grading of any street and to pay the expense thereof from the street fund. Section 389.20, 1950 Code. There is also a further statute to the effect municipalities have power to improve any street by grading. Section 391.2, 1950 Code.

It should be kept in mind the resolution passed by the board of supervisors (Exhibit B, which incorporates letter from mayor) refers to "fill expense (as involved with and discussed for both ends of the New Bridge)" and also refers to resurfacing of the road. It is also shown by the record that Exhibit C refers

to *"Grading, Paving, Curb and Gutter in connection* with * * * structure over Wapsipinicon River identified as Proj. No. S-2143, * * *." This resolution is referred to at the top of the page as Project No. SN-2143, which is different from the bridge Project No. S-2143.

II. The trial court stated in its ruling the question whether an approach to a bridge is a part of it depends on the facts. This has been the holding of this court. Shope v. City of Des Moines, 188 Iowa 1141, 1144, 177 N.W. 79, citing Sewing v. Harrison County, 156 Iowa 229, 233, 136 N.W. 200, Nims v. Boone County, 66 Iowa 272, 274, 23 N.W. 663, and Moreland v. Mitchell County, 40 Iowa 394, 398.

III. It appears to this court the only question we must determine is whether sections 381.9 to 381.15, 1950 Code are applicable as a defense. That is all the trial court determined in its ruling. We hold, as did the trial court, they are not. Discussion in the briefs and in oral arguments referred to the amendment to section 381.7 of the 1950 Code as now found in the 1954 Code. We do not deem it necessary to comment on the limitations of the earlier statute in the light of our ruling.

We, likewise, do not deem it advisable to discuss and pass upon the claimed liability of the municipality on broad and general principles. These matters can be determined on the trial.

We consequently affirm the trial court in its ruling holding the defendant is not entitled to have sections 381.9 to 381.15 constitute a defense to plaintiff's petition.—Affirmed.

All JUSTICES concur except THOMPSON, C. J., who takes no part.